## 15072

### CONTINENTAL RADIO & TELEVISION CORPORATION v. FURMAN

(8 S. E. (2d), 902)

February, 1939.

*Mr. Clarke W. McCants,* for appellant,

*Messrs. Paul A. Cooper* and *Frank B. Gary, Jr.,* for respondent,

April 29, 1940.

The opinion of the Court was delivered by Mr. Justice Carter.

Suit was brought in the Richland County Court by Continental Radio & Television Corporation, a manufacturer of radios and radio equipment, the appellant here, against Charles M. Furman, trading under the name and style of Furman Distributing Company, the respondent here, to recover on an open account for radios and radio equipment alleged to have been sold to respondent by appellant. In his answer, the respondent denied the material allegations of the complaint, set up the defense of failure of consideration, and, in addition, counterclaimed for damages arising out of an alleged breach of contract. Appellant filed a reply to the counterclaim in which the allegations thereof were denied. The trial of the case before a jury resulted in a verdict for the appellant in the sum of Four Hundred Seventy-four and 76/100 ($474.76) Dollars, and a verdict of Fifteen Hundred ($1,500.00) Dollars for the respondent on his counterclaim. In an order granting a new trial *nisi,* unless the respondent remitted on the record the sum of Thirty-five ($35.00) Dollars, the trial Judge increased the amount of the verdict for appellant to Five Hundred Nine and 76/100 ($509.76) Dollars. Respondent complied with this order by remitting said sum and thereupon an order for judgment in favor of the respondent was made for the difference between the two verdicts after making allowance for the sum so remitted by respondent.

Appellant charges error on the part of the trial Judge in refusing to grant its motion for an involuntary nonsuit as to the counterclaim, to direct a verdict in its favor, and to grant a new trial. Respondent is seeking affirmance of the judgment on additional grounds.

The main issue centers around the counterclaim. The agreement alleged in the counterclaim is that "at the time of commencing to do business with the defendant (respondent here), plaintiff (appellant here) and defendant agreed that the defendant should be the sole and exclusive representative of the plaintiff for the distribution of plaintiff's products in the State of South Carolina," with the exception of

certain enumerated products. The breach of this agreement is alleged to be that the appellant "has advertised for sale, offered for sale and sold in the State of South Carolina goods, wares and merchandise consisting of radios and other equipment similar to that supplied to defendant by plaintiff, under other names and substantially reduced prices; and has advertised for sale, offered for sale and sold in the State of South Carolina goods, wares and merchandise consisting of radios and other equipment identical to that supplied to defendant by plaintiff and at substantially reduced prices; and has advertised for sale, offered for sale and sold in the State of South Carolina goods, wares and merchandise consisting of radios and other equipment basically identical to that supplied to defendant by plaintiff except for the name and minor ornamental details and at substantially reduced prices." During the course of the trial, respondent moved to amend his counterclaim to allege an additional breach of the contract by the appellant in that it "allowed and permitted these products to be sold throughout the State of South Carolina," and that "when the contract was made with Furman, and during its term of existence, that they knew their products were going to be sold through these catalogues and otherwise in South Carolina," and that appellant "permitted them to be advertised and knew they were going to be advertised." The proposed amendment does not appear in the record in proper form, but, as stated by counsel, the purpose of the amendment was to conform the counterclaim to the proof. The motion to amend was overruled. One of the additional grounds for affirmance is that this motion should have been granted.

Generally the allowance of an amendment to a pleading is a matter largely in the discretion of the trial Court. Such discretion should not be arbitrarily exercised, either in the granting or refusing of motions made for that purpose, but should be exercised so as to prevent surprise and promote justice. Unless there has been an

abuse of this discretion, this Court will not ordinarily disturb the exercise thereof by the trial Court. During a trial, the Court may allow an amendment to conform the pleading to the facts proved, provided such amendment does not change substantially the claim or defense of the party seeking the same. *Grist et al. v. Caldwell et al.,* 123 S. C., 240, 116 S. E., 448. Would the proposed amendment have materially changed the claim of respondent under his counterclaim and result in prejudice to the appellant? We think so. In a suit for breach of contract, it is necessary that the breach complained of be substantially set forth in the pleading with sufficient clarity that the adverse party is afforded reasonable notice of the matters relied on against him. The breach complained of by respondent was the advertising for sale, the offering for sale and the sale of radios and other equipment in South Carolina by the appellant, which were similar, identical and basically identical to that supplied to him. The proof offered was that through catalogues and by direct resale the products of appellant were advertised for sale, offered for sale and sold in South Carolina by third parties. The only connection shown between the third parties and appellant was that the third parties had purchased the products of appellant at points out of South Carolina, and appellant knew that they would be offered for sale in South Carolina through the medium of catalogues and by direct resale. Appellant objected to the introduction of all evidence relating to the catalogues and sales in South Carolina by third parties and moved to strike the same from the record. As pointed out, the adverse party in a suit for breach of contract is entitled to reasonable notice of the matters which it is claimed constitute the breach. To allow proof of acts constituting a breach which are not alleged or inferable from the allegations of the pleading would most certainly prejudice the rights of the adverse party, as he would be taken by surprise and not prepared to effectively meet the proof relied on against him. The counterclaim of respondent alleges the breach to be the ad-

vertising for sale, the offering for sale and the sale of certain products by appellant in South Carolina; the proposed amendment offered during the trial sets forth the breach to be the advertising for sale, the offering for sale and the sale of products in South Carolina by third parties with the knowledge and permission of appellant. The amendment would have substantially changed the claim of respondent to the extent, at least, that appellant would have been taken by surprise and the result prejudicial to it. We are of opinion, therefore, that the trial Judge was entirely correct in refusing to allow respondent to amend the answer to conform to the proof.

It naturally follows that all testimony and evidence responsive to the proposed amendment and not responsive to the allegations of the counterclaim was incompetent, otherwise it could not be said that the amendment materially or substantially changed the claim of respondent. It is obvious, therefore, that the trial Judge was inconsistent in refusing to strike the testimony and evidence which was solely responsive to the proposed amendment after he had refused to allow the amendment. The motion to strike should have been granted.

After striking from the record all testimony and evidence relating solely to the advertising for sale, the offering for sale and the sale of radios and radio equipment in South Carolina by third parties with the knowledge and permission of the appellant, there remains no testimony or evidence that appellant breached its contract with respondent. The motion of appellant for an involuntary nonsuit as to the counterclaim, which was made on this ground, should have been granted.

Respondent contends that the following allegation in the counterclaim is sufficient to sustain the proof adduced, namely: " * * *; and that as a result of all of the aforesaid and as a result of the breach of the aforesaid contract by the plaintiff and its failure and refusal to perform the same, defendant has been injured

and damaged in the amount of $3,000.00." We interpret this provision in the counterclaim to refer to the conduct of the appellant in the particulars previously set forth as constituting the breach, and not to allege additional and different matters constituting a breach of the agreement. Another reason why this contention is not sound is that the allegations relied on are legal conclusions and therefore insufficient.

The sufficiency of the amendment to the counterclaim to constitute an actionable breach of the contract has not been questioned, and has therefore not been considered.

This disposes of all of the exceptions and grounds for affirmance except the third ground for affirmance, since they all relate to the counterclaim which should have been disposed of by nonsuit, or to testimony and evidence offered thereunder. Although the appellant has appealed from the refusal of the trial Judge to direct a verdict in its favor, no error in this respect is assigned.

The third ground for affirmance of the judgment appealed from is as follows: "That the Court erred in striking out the testimony of defendant's witnesses with reference to the sale by the plaintiff to defendant of certain loud speakers not in compliance with the specifications advertised by the plaintiff, the error being that failure to supply the merchandise as advertised constituted an element of damage for which defendant was entitled to recover in his counterclaim."

We fail to find in the counterclaim any allegation to which this evidence is responsive. It might have been responsive to the allegations of the affirmative defense of failure of consideration, but there has been no appeal from the verdict in favor of the appellant, therefore this ground cannot be considered.

The order for judgment in favor of the respondent is reversed and this cause remanded to the Richland County Court with instructions, first, that the verdict in favor of

respondent be set aside, second, that an order for an involuntary nonsuit as to the counterclaim of the respondent be granted and, third, that upon application of appellant judgment be entered upon the verdict in its favor.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.