15758

PAGE v. NORTH CAROLINA MUT. LIFE INS. CO.

(35 S. E. (2d), 716)

278

*Messrs. McDonald & McGowan,* of Florence, Counsel for Appellant,

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, and *Hawkins & Bethea,* of Dillon, Counsel for Respondent,

July 25, 1945.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court.

The appeal is from an order of the Circuit Court disallowing an amendment to defendant's answer, and granting judgment upon the pleadings in favor of the plaintiff.

The action was brought in October, 1942, by the plaintiff, as beneficiary, under an insurance policy issued by the defendant on the life of Dorothy Lee Page, to recover the amount alleged to be due in the event the insured should die by accident. Liability was predicated upon the allegation that the insured met her death solely by accidental means directly and independently of other causes.

The answer, which was filed in due course, admitted the issuance and delivery of the policy, but denied that the insured died as the result of an accident. Elaborating upon the denial, the defendant alleged that the insured was killed by one Rosa Lee Powers, in the State of North Carolina, and that as a result of such criminal and intentional homicide, Rosa Lee Powers entered a plea of manslaughter. It was alleged in other paragraphs of the answer that "the insured came to her death as a result of a difficulty or intentional killing as aforesaid by or with one Rosa Lee Powers," and not as the result of accident within the terms of the policy. Liability was, therefore, denied.

On January 31, 1945, plaintiff served upon the defendant notice of a motion for judgment upon the pleadings, which matter thereafter came up for a hearing before the Circuit Judge. During the course of the hearing, and after the Judge had indicated his disposition to grant the motion, the defendant asked leave to amend its answer so as to allege that the insured was the aggressor in the altercation which preceded and brought about her death; and that the insured knew or should have anticipated that the other person might kill her

in the encounter, and for that reason the death of the insured was not accidental within the terms of the policy.

The Circuit Judge ruled that there was no motion before him, and no showing upon which he would be warranted in permitting an amendment to the answer. He called attention to the fact that the answer, which had been served two and one-half years before, raised only the question that the killing was not accidental because it was intentionally done by a third party; that depositions had been taken by defendant in March, 1943, within a year after the service of the complaint, eliciting information as to the circumstances of the killing, and that no motion to amend the answer had been made thereafter. The order was then passed, granting judgment upon the pleadings, and denying the amendment.

In granting judgment, the Court relied upon the case of *Jennings v. Cloverleaf Life & Cas. Co.*, 146 S. C., 41, 143 S. E., 668, in which the following principle is announced:

"It is a well-established rule that where insured is intentionally injured by another, and the injury is not the result of misconduct or an assault by the insured, but is unforeseen insofar as he is concerned, the injury is accidental within the meaning of accident policies."

It will be observed that the exception mentioned in the foregoing rule is exactly what the defendant wished to allege in its answer by way of amendment, and which was refused by the Court.

A motion for judgment on the pleadings is in the nature of a general demurrer. It is appropriate, where the pleading is fatally deficient in substance, that is where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant, or where the answer fails to state a defense sufficient in law to the cause of action alleged by the plaintiff, or fails to tender any issue of facts in

the case. Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only. 41 Am. Jur., Sec. 335, Page 520.

When a demurrer to a pleading is sustained, the trial court is vested with a sound discretion in respect to the determination of the question, whether it will allow the party to amend his pleading, and this discretion will not be disturbed unless erroneously exercised. Ordinarily, permission will be given to amend if the objection can be obviated. In such case, it is usual and entirely proper to sustain the demurrer with leave to amend. *Blackwell v. First Nat. Bank of Columbia*, 185 S. C., 427, 194 S. E.; 339; *Norris v. Brown*, 154 S. C., 138, 151 S. E., 274.

It appears that the reasons assigned by the Court for overruling appellant's motion to amend, are somewhat involved. Among those stated, it is said that there was no motion before the Court to amend; and no showing upon which it would be warranted in permitting an amendment. Evidently the Court meant by this that there was no motion, because it was not made upon a four-day notice, since the record clearly shows that the appellant did make the motion to amend during the course of the hearing. Obviously, appellant could not make a full showing in support of its motion unless it was permitted to do so. Some limited opportunity to be heard must have been afforded which furnished a basis for the Court's statement that appellant had taken depositions showing the circumstances of the killing. Evidently the depositions were obtained in the usual preparation for trial, and to substantiate the defense. It is conceded in respondent's brief that the depositions taken by appellant in March, 1943, relate to the very matter sought to be pleaded now by way of amendment. The record does not show that the case has ever been reached for trial. Apparently, the motion to amend was overruled because the Court deemed the conduct of appellant dilatory.

We think no other inference can be drawn from the record than that appellant believed it had stated a good defense in its answer, and that nothing more was necessary. Therein, the death of the insured by accident was definitely denied. It is true that entering into more detail, it was alleged that the insured was intentionally killed by a third person, but this defect in the pleading was not brought home to the defendant until the hearing. And it was then, as is usual and customary in such cases, that appellant made its motion to amend in the particulars shown.

It is quite clear that the answer is amendable; and that the proposed amendment, which will remove the objections suggested by the demurrer, should have been granted. *Privett v. Wilmington, C. & C. R. Co.,* 54 S. C., 98, 32 S. E., 75.

While the rule is universal that the action of the trial court as to matters within its judicial discretion will not be disturbed unless erroneously exercised, this does not give the trial judge an entirely free hand in what might be termed discretionary matters.

As was said in *Continental Radio & Television Corp. v. Furman,* 193 S. C., 357, 8 S. E. (2d), 902:

"Generally the allowance of an amendment to a pleading is a matter largely in the discretion of the trial court. Such discretion should not be arbitrarily exercised, either in the granting or refusing of motions made for that purpose, but should be exercised so as to prevent surprise and promote justice."

We do not think the case of *Lowry v. Atlantic Coast Line R. Co.,* 92 S. C., 33, 75 S. E., 278, cited in respondent's brief, is in point as supporting the contention that the trial judge correctly exercised discretion in disallowing appellant's proposed amendment. In that case, it was held that a motion made under the Code provision by the defendant, to amend

an answer by setting up additional defenses made months after service of the answer, after one trial, appeal and new trial granted, on the grounds that defendant could not conveniently obtain the information on which the motion was based, should be refused.

In our opinion, the Circuit Court should have given the appellant an opportunity to make its motion to amend, and to be fully heard. And this must yet be done.

The case is remanded, and leave is granted the appellant to move before the Court within ten days after the remittitur herein goes down, for an order permitting it to amend its answer, if it be so advised, so that it may present its defense on the merits.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.