16614

HUGHES *ET AL.* v. PEEL *ET AL.*

(70 S. E. (2d) 353)

*Messrs. Paulling & James,* of Darlington, *for Appellant,* cite:

*Messrs. Edward E. Saleeby, Jno. F. Wilmeth, Robert W. Shand,* and *Philip Wilmeth,* of Hartsville, *for Respondents,* cite:

*Messrs. Paulling & James,* of Darlington *for Appellant, in reply,* cite:

The following is the order of Judge Lewis:

The petitioners have brought this action for the foreclosure of mechanic's liens heretofore filed by them. A. Z. Taylor, contractor, trading as Taylor Construction Company, was adjudged bankrupt, August 4, 1949, and H. W. Hennig, his Trustee, intervened herein with the status of respondent and is hereafter so designated. The respondent concedes that the petitioners have a lien, in the case of the petitioner C. A. Hughes in the amount of $30.00 and in the case of the petitioner Tillotson Lumber Company in the amount of $179-.02; but contests the other items isted in the account filed on the ground that the petitioners did not perfect their lien for the disputed items in accordance with the Mechanic's Lien Statute.

A long narration of facts is unnecessary as the issues to be determined are within a very narrow compass.

The petitioners, Tillotson Lumber Company and C. A. Hughes, at the request of said A. Z. Taylor, contractor, furnished labor and material for the construction of a dwelling for the respondent Charles E. Peel. From August 8, 1948, through December 30, 1948, Tillotson Lumber Company furnished materials for said construction in the amount of $439.01. To the same parties and under the same terms, the petitioner C. A. Hughes furnished labor and material

from September 30, 1948, through November 15, 1948, for said construction in the amount of $585.00. It is these items that are in dispute.

After the furnishing of the above items by the petitioners, the contractor A. Z. Taylor stopped work on the building. In March of 1949 petitioners gave notice to the owner of the building, the respondent Charles E. Peel, of the furnishing of labor and material. This notice was apparently in contemplation of the provisions of Section 8729, 1942 Code. Nothing further was done at that time toward the perfection of a lien against the building by the petitioners. The contractor returned in June, 1949, worked a short while on the building and then stopped work entirely, authorizing the owner, or his representative, to complete the building. The owner then, through his representative, completed the building, obtaining from the petitioner Hughes additional labor and materials on July 20, 1949, in the amount of $30.00 and from the petitioner Tillotson Lumber Company on June 23 and July 20, 1949, labor and material in the amount of $179.02.

Within ninety (90) days from the furnishing of the labor and material on July 20, 1949, petitioners duly filed mechanic's liens against the property in question. The liens filed by petitioners not only included their labor and material furnished on June 23rd and July 20th, 1949, but also included labor and material furnished by Tillotson Lumber Company from August 8, 1948, through December 30, 1948, and by C. A. Hughes from September 15, 1948, through November 15, 1948.

The respondent contests the items furnished by the petitioners in 1948 contending that the furnishing of these items constitutes a separate and distinct contract between different parties, and that the labor and material furnished in 1949 cannot be tacked to the prior items so as to bring these items within the limitations set by the Mechanic's Lien Statute.

In my opinion, the contention of the respondent cannot be sustained. A careful examination and fair construction

of the pertinent statutes shows the petition of respondent to be without merit.

Section 8729, 1942 Code, provides for the notice required to be given to establish the lien given in such cases. Section 8735, 1942 Code, provides in part as follows:

"Such lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days *after he ceases to labor on or furnish labor or material for such building or structure,* files in the office of the register of mesne conveyances or clerk of court of the county in which the same is situated a statement of a just and true account of the amount due him," etc. (Emphasis added.)

The only requirement of the law is that the materialman or one furnishing the labor shall file within ninety (90) days after he ceases to labor on or furnish labor or material for such building a statement of his account. It is undisputed that all labor and material were furnished for the same building. It is also undisputed that the labor and material were furnished for the building at the instance of one having authority thereabout. Here part of the labor and materials were furnished at the direct instance of the contractor. He stopped work on his contract with the owner. The contractor then authorized the owner to complete the building. The remainder of the labor and material were therefore furnished to the owner after the contractor had authorized the owner to proceed with the completion of the structure.

When the contractor authorized the respondent Charles E. Peel, the owner of the building, or his representative, to complete the building, the owner owed to the contractor the sum of $2,628.00. There is nothing in the record to indicate that the contractor was released from his responsibilities under the contract that he had with the respondent Peel for the construction of this building. When the owner, the respondent Peel, or his representative, completed the building they were in effect completing it under the contract had by the contractor Taylor and at his risk. Although the contractor did not directly order the last item of labor done and ma-

terials furnished, he authorized that such be done after he ceased work on his contract.

Aside from the fact that in my opinion the record shows that the last items of labor and materials were furnished upon the authorization of the contractor who had incurred the previous obligations, I do not think that our Mechanic's Lien Statute requries that it be shown that the labor and materials were furnished under one contract. The law does not make it a condition precedent that the labor or materials be furnished under a contract with the same person. The only requirement of the law is that the account be filed within ninety (90) days *after he ceases to labor on or furnish labor or materials for such building or structure.*

Under all the circumstances in this case and under the record before me, I conclude that the petitioners have established their liens and are entitled to be paid the full amount of their accounts out of the funds on hand. And it is so ordered.

April 4, 1952.

PER CURIAM.

The Order of Honorable J. Woodrow Lewis has been carefully considered in the light of the record and the exceptions, and we find no error.

Let the Order be reported as the judgment of this court.