## 17566

Richard WOOD d/b/a Westminister Lumber Co., Respondent, v. Robert H. HARDY, Jr., Appellant

(110 S. E. (2d) 157)

*John M. Schofield,* Esq., of Walhalla, *for Appellant,*

*Messrs. Ninestein & Pettit,* of Walhalla, *for Respondent,*

August 12, 1959.

Moss, Justice.

This is an action brought by Richard Wood, doing business as Westminster Lumber Co., the respondent herein, against Robert H. Hardy, Jr., appellant herein, to foreclose a mechanic's lien on a lot of land owned by the appellant and located on U. S. Highway No. 76, about one mile west from the Town of Westminster, in Oconee County, South Carolina. It appears from the record that the disputed issues arising in this case were referred, by consent, to a Special Referee. A hearing was had before such Special Referee and he filed his report granting the respondent the entire amount claimed in his complaint, less a few minor items. There was an appeal from the report of the Special Referee and such was heard before the Honorable G. Badger Baker, Presiding Judge. By a decree, dated March 11, 1958, the Presiding Judge overruled all of the exceptions to the report of the Special Referee and confirmed the said report, and directed a sale of the premises in question in order to satisfy the mechanic's lien. The owner of the premises in question has appealed from the decree of the Circuit Judge to this Court.

It appears from the evidence that the appellant contracted with one J. Walter Duckworth to construct for him a dwelling on the premises above referred to. This contract was entered into on March 24, 1956. The total contract price for a "turnkey job" was $6,050. This contract price was to be paid to Duckworth, $2,000.00 when the house was framed and the roof complete; $2,000.00 when the outside work was completed, and a final installment of $2,050.00 upon the completion of the dwelling. It further appears that the appellant, who was a veteran, was to obtain a Veterans' Administration approved loan through a mortgage company of Greenville, South Carolina. This dwelling was to be constructed according to plans and specifications approved by the Veterans' Administration, and the first installment of the construction price was to be paid when the house had passed the first inspection by an official of the Veterans' Administration. It is conclusive from the evidence that Duckworth did not build according to the agreed specifications, and the dwelling was not approved upon the first inspection. The contractor worked for a short period of time following the first inspection and then abandoned the contract and refused to complete the dwelling. It further appears that because of the failure of the contractor to build according to specifications, the appellant was unable to obtain financing, and the approved loan was cancelled.

It appears from the evidence that the respondent had furnished to the contractor all the materials used in the dwelling under construction upon the premises of the appellant. He had not been paid for any of the materials at the time Duckworth abandoned the performance of his contract. It is also conclusive from the evidence that Duckworth, the contractor, had not been paid any sum by the appellant, who was the owner of the premises upon which the dwelling was being constructed.

Upon the abandonment of the construction contract by Duckworth, the record shows that the appellant and the respondent agreed to hire carpenters and to complete the con-

struction of the dwelling. The appellant employed one Lawrence to complete the carpenter work on the dwelling and paid him therefor the sum of $485.00. It was also agreed by the appellant and respondent that the necessary materials to complete the dwelling were to be furnished by the respondent. It is conclusive from the evidence that the respondent furnished all of the materials for the completion of the dwelling under this new agreement, and all the materials used in the house prior to the abandonment of the construction contract by Duckworth. Under the agreement between the appellant and the respondent, the respondent not only furnished all the materials for the completion of the house, but also advanced funds for certain plumbing work, the laying of bricks in the steps and for the painting of the said dwelling house, finishing the sheet rock, sanding the floors and finishing laying the tile kitchen and bath. It appears that the appellant moved into and occupied the dwelling on September 8, 1956. According to the record, the total outlay of the appellant for the dwelling in question was the sum of $485.00 paid to a carpenter to complete the dwelling after abandonment by the contractor. The appellant also bought a switch box and hot water heater for the dwelling.

The respondent testified that he thought the house was completed at the time the appellant moved into it, but upon complaint being made by the appellant to the respondent that "My kitchen sink drain is stopped up" and "it just goes on the outside of the house and stands there", referring to the drainage from the kitchen sink, the respondent sent a plumber back to the dwelling of the appellant on October 8, 1956, with two joints of pipe, and connected the kitchen sink drain with the septic tank, as should have been done under the original contract. The cost of the two joints of pipe was $4.12. The record does not show that any additional charge was made by the respondent for the installation of the two joints of pipe.

The record shows that the respondent did, on December 18, 1956, file in the office of the Clerk of Court for Oconee

County, South Carolina, his mechanic's lien, and on the same day such was served upon the appellant. The filing and service of the mechanic's lien was within 90 days from the last item of material furnished on October 8, 1956, but was not within 90 days from the furnishing of any other material. The total claim by the respondent, under the mechanic's lien, as filed, was $5,101.38. The lower Court allowed the claim in the amount of $5,077.77, and declared the same to be a lien on the premises described in the complaint but such did not constitute a personal judgment against the appellant. The action to foreclose the mechanic's lien was commenced on January 21, 1957.

The appellant asserts, by his answer, that the respondent did not file any lien upon or against the premises in question within 90 days after any work was done thereon or any materials furnished.

The appellant asserts that the Court was in error in holding that the respondent had 90 days from October 8, 1956, within which to file and serve his mechanic's lien. The appellant takes the position that the furnishing of materials or the performance of labor, trivial or inconsequential in character, was not sufficient to extend the time for the filing of a mechanic's lien by the respondent herein, and particularly that the furnishing of the two joints of pipe and the installation thereof on October 8, 1956, was so trivial and inconsequential that such did not keep the respondent's mechanic's lien alive.

It is provided in Section 45-252 of the 1952 Code of Laws, that:

"Every laborer, mechanic, subcontractor or person furnishing material for the improvement of real estate when such improvement has been authorized by the owner shall have a lien thereon, subject to existing liens of which he has actual or constructive notice, to the value of the labor or material so furnished. Such lien may be enforced as herein provided."

In Section 45-254 of the 1952 Code of Laws, it is provided:

"Whenever work is done or material is furnished for the improvement of real estate upon the employment of a contractor or some other person than the owner and such laborer, mechanic, contractor or materialman shall in writing notify the owner of the furnishing of such labor or material and the amount or value thereof the lien given by § 45-252 shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished. But in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvements made."

It is provided in Section 45-259 of the 1952 Code of Laws, that:

"such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner  *  *  *  and files in the office of the register of mesne conveyances  *  *  * a statement of a just and true account of the amount due him  *  *  *"

It is also provided in Section 45-262 of the 1952 Code of Laws, that:

"Unless a suit for enforcing the lien is commenced within six months after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures the lien shall be dissolved."

In the recent case of *Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S. C. 619, 93 S. E. (2d) 855, 860, we said:

"The manifest two-fold purpose of Sections 45-252 and 45-254 is:

"(1) The protection of one, not a party to a contract with the owner, who furnishes labor or material in the improvement of the owner's property, by giving him a lien for such

labor or material; and (2) the protection of the property owner by limiting his liability and that of his property in respect of all such liens to 'the amount due by the owner on the contract price of the improvement made'. *Snipes v. Horton,* 129 S. C. 1, 123 S. E. 321.

"The materialman's lien, or rather his right to a lien, arises, inchoate, when the material is furnished, Section 45-252, *Williamson v. Hotel Melrose,* 110 S. C. 1, 96 S. E. 407; but in order to perfect and enforce it he must: (1) give notice to the owner 'of the furnishing of such * * * material and the amount or value thereof', Section 45-254; (2) serve and record a certificate of lien within ninety days after he ceases to furnish material, Section 45-259; and (3) bring suit to foreclose the lien within six months after he ceases to furnish material, Section 45-262.

"Section 45-254 specifies no time at which or within which notice of the furnishing of material is to be given to the owner. Such notice may be given at any time. *Cf. Hughes v. Peel,* 221 S. C. 307, 70 S. E. (2d) 353; but of course it will be ineffectual if the other requisites to the perfection and enforcement of the lien, Sections 45-259 and 45-262, are not met. Delay in giving the notice cannot operate to the detriment of the owner, because his liability under the lien is limited to the balance due by him to the prime contractor at the time he received the notice."

In the case of *Hughes v. Peel,* 221 S. C. 307, 70 S. E. (2d) 353, 354, an action was brought for the foreclosure of mechanics' liens. The lower Court held, and such was affirmed by this court, that mechanics' liens filed within 90 days from the date of the last labor and material furnished gave a valid claim against the owner of the building for all material and labor furnished. It appeared that the petitioner had furnished labor and material to a contractor from August 8, 1948, through December 30, 1948, to be used in the construction of a building, and after the contractor had authorized the owner of the building to complete same without releasing the owner from the contract, the petitioners

furnished additional labor and materials to the owner upon his request from June 23, 1949, to July 20, 1949. It was held that the mechanic's lien filed within 90 days from July 20, 1949, gave the petitioners a valid claim against the contractor and the owner for all materials and labor furnished. In the cited case, this Court approved the order of the Circuit Judge, which held:

"The only requirement of the law is that the account be filed within ninety (90) days after he ceases to labor on or furnish labor or materials for such building or structure."

In 57 C. J. S. Mechanics' Lien § 125, at page 632, it is said:

"* * * The statute runs from the date of the last item, even though the doing of the last item of work is somewhat delayed, provided the delay is not for the purpose of extending the period for giving notice. * * *"

In the case of *Burel v. East Arkansas Lumber Co.,* 129 Ark. 58, 195 S. W. 378, 10 A. L. R. 1017, it was held that the time for filing a mechanic's lien begins to run from the time the last item of the account is furnished, when the entire account is a continuous and a connected transaction.

In the case of *Breeding v. Melson,* 4 W. W. Harr. 9, 34 Del. 9, 143 A. 23, 25, 60 A. L. R. 1252, it appeared that certain labor and material were furnished by the plaintiff from March, 1921, to October, 1921, after which time nothing further was furnished by him until April, 1922, when labor and material of the value of $3.40 were furnished. The record discloses that the building constructed was a moving picture theater and was temporarily opened in September, 1921, the windows being closed with metal, and that the defendant waited until April, 1922, for the plaintiff to get the necessary material for him to complete the building as he had contracted to do. The Court held that in order to extend the time for filing of a mechanic's lien, the work performed or materials furnished must be required by the contract, and what is done must be done in good faith for the purpose of fully performing the obligation of

the contract, and not for the mere purpose of extending the time for filing the lien. The Court said, in upholding the validity of the filing of the lien within 30 days after the expiration of 90 days from the completion of the building, pursuant to statute, that the lien was valid. We quote from the Opinion the following:

"* * * It is quite true that very little material was supplied by the plaintiff, and that the value of the same was insignificant, but that fact cannot have any bearing on his status as a contractor, as the statute does not specify that any particular amount of labor or material shall be furnished."

In *District Heights Apartments, Section D-E v. Noland Company, Inc.,* 202 Md. 43, 95 A. (2d) 90, 94, 39 A. L. R. (2d) 387, it was said:

"* * * But where a claimant, after a contract is substantially completed, does additional work or furnishes additional material which is necessary for the proper performance of his contract, and which is done in good faith at the request of the owner or for the purpose of fully completing the contract, and not merely as a gratuity or act of friendly accommodation, the period for filing the lien will run from the doing of such work or the furnishing of such materials, irrespective of the value thereof. *Harrison v. Stouffer,* 193 Md. 46, 65 A. (2d) 895. * * *"

We conclude that the respondent, in good faith, and at the request of the appellant, did furnish materials and do additional work necessary for the completion of his contract, and that having filed his lien within 90 days after the furnishing of such labor and materials, even though the value thereof was insignificant, the filing of such lien was timely made.

The next question to be determined is whether or not the lower Court was in error in holding that the claim for materials furnished Duckworth, the contractor, was properly asserted in the Mechanic's lien and in the complaint of the respondent.

The appellant complains that the mechanic's lien and the complaint filed by the respondent asserts that the work done and the materials furnished was pursuant to a contract entered into between the respondent and appellant. The appellant further says that no such contract ever existed and that the proof shows that the original contract was between the appellant and one Duckworth.

It should be pointed out that upon the default of Duckworth that a contract was entered into by the appellant and respondent, by the terms of which it was agreed that the appellant would hire one Lawrence to complete the carpenter work on the dwelling, and the respondent agreed with the appellant to supply the remaining necessary materials, and to furnish a painter to complete the painting of the building, and other incidentals necessary for the completion of said dwelling. The evidence conclusively shows that this agreement was carried out. Certainly, the appellant cannot complain of the assertion in the mechanic's lien and in the complaint of the respondent that a contract existed between them for the completion of the dwelling after Duckworth had abandoned the contract he made with the appellant. There is no denial of the agreement that appellant had with the respondent.

The mechanic's lien, as filed and served, includes charges for materials furnished by the respondent when Duckworth was constructing the dwelling. It also includes charges for labor and materials pursuant to the new contract made by the respondent with the appellant. An examination of the mechanic's lien, as filed and served, shows that the respondent claimed a lien upon a lot owned by the appellant for the amount of labor and materials furnished, according to an itemized statement attached thereto, and such claim was stated in the following language:

"That the said claim is made for and on account of the said furnishing of labor and materials which were actually used for labor and materials for the said Robert H. Hardy which said buildings and structures are situated on a tract

of land owned by and in possession of the said Robert H. Hardy * * *".

The mechanic's lien, as filed and served, describes with particularity, the lot owned by the appellant and upon and against which a lien is asserted for labor and materials used in the construction of a building thereon. Then follows the statement that the materials furnished were pursuant to a contract between the appellant and the respondent. The complaint also alleges, with additions, what was contained in the mechanic's lien as filed and served. There is an allegation in the complaint that the labor and materials were furnished pursuant to a contract between the respondent and appellant.

We do not think that the statement in the mechanic's lien, as filed and served, and in the complaint, that the labor and materials were furnished pursuant to a contract between the respondent and the appellant was fatal, even though the statement as to the materials furnished while Duckworth was constructing the dwelling in question was erroneous.

We again quote from the case of *Lowdes Hill Realty Co. v. Greenville Concrete Co., supra,* where we said:

"Service of this certificate was sufficient compliance with the requirement of Section 45-254 in regard to notice. Nor was its effectiveness vitiated by the fact that in addition to its contents quoted above it contained a statement to the effect that the material had been furnished pursuant to a contract between the owner and the claimant, for this, though erroneous, was mere surplusage."

The mechanic's lien, as filed, meets the requirements of section 45-259 of the 1952 Code of Laws. This statute provides for the filing and service of a statement of the amount due the claimant, with all just credits, given for the labor and material used in the erection of some building or structure on the property against which the lien is claimed; a description of the property intended to be covered by the lien sufficiently accurate for identification; and the name of the owner of the property.

In the case of *Atlantic Coast Lumber Corporation v. Morrison,* 152 S. C. 305, 149 S. E. 243, 245, a proceeding was brought to foreclose a mechanic's lien against a public school building. A demurrer filed by the school district was sustained on the ground that a mechanic's lien could not be enforced or foreclosed against a public building. The question arises as to whether the action could be allowed to proceed in personam. The Court held that the petitioner could proceed with the action in personam, and in the course of the Opinion, said:

"\* \* \* Disregarding the surplusage matter as to the mechanic's lien, we find left in the pleading of the petitioner statements to the effect that it furnished certain material for the enlarging and improvement of the schoolhouse, owned by the respondents-trustees, of the value of $1,128.43, for which it had not received payment, and that the respondents were due to the petitioner the said sum. All of these are allegations appropriate to a suit at law for the recovery of money."

Applying the converse of the rule here stated to the instant case, we find, disregarding the surplusage matter as to the existence of a contract between the appellant and respondent, the pleading sufficient to the effect that the respondent furnished certain material and labor for the construction of a dwelling owned by the appellant, for which the respondent has not received payment, and that he has a mechanic's lien upon the property of the appellant. These allegations are appropriate to a proceeding to foreclose a mechanic's lien.

During the course of this trial before the Special Referee, the appellant took the position that the materials furnished and charged to Duckworth, the contractor, could not be the basis of a lien in favor of the respondent. The appellant also asserts that the burden was upon the respondent to prove a direct contract with the appellant because such had been alleged in the complaint. When objection was made, the Referee said:

"\* \* \* The question is whether he did supply labor and materials and whether the labor and materials did go into the Robert Hardy job, and if he did not have a contract with the defendant, and if the defendant paid the bound contract before getting any notice why the owner, of course, wouldn't be required to pay again. If you will so move to amend your complaint so to delete the allegation, if that is your position—that the plaintiff did not have a contract with the defendant, but did supply behest to the bound contractor—"

In response to this statement by the Special Referee, counsel for the respondent said: "I will so move. I will amend my complaint to read: at the request of Hardy—"

The appellant takes the position that the respondent did not follow the recommendation of the Special Referee but seeks to apply the amendment to the materials and labor furnished after Duckworth abandoned the construction of the dwelling. We do not think this position is sound because the very purpose of the objection made by the appellant was to exclude the materials furnished by the respondent to Duckworth. There could be no valid objection to the allegation of the complaint if it referred to the materials furnished to the appellant after an express contract was made with him by the respondent.

It is proper, during the trial of a case, for the Court to allow an amendment to conform the pleading to the facts proved, provided such amendment does not materially or substantially change the claim or defense of the party seeking the same. The allowance of an amendment for the purpose aforesaid is a matter largely in the discretion of the trial judge. *Grist v. Caldwell*, 123 S. C. 240, 116 S. E. 448, and *Continental Radio & Television Corporation v. Furman*, 193 S. C. 357, 8 S. E. (2d) 902. We think it was proper for the Special Referee to permit the amendment. The allowance of the amendment did not result in any prejudice to the appellant.

It appears to us that if the complaint had not been amended, the allegations thereof as to the existence of a contract between the respondent and appellant could properly be considered as surplusage, and the remaining allegations were appropriate to an action for the foreclosure of the lien of the respondent. If we consider the complaint as amended, then such was appropriate to state a cause of action for the foreclosure of the lien asserted by the respondent. If we adopt either construction of the complaint, the end result would be the same.

Finally, the appellant asserts that the Court below, in allowing the respondent a lien for practically the full amount claimed, accorded to the respondent greater rights than those possessed by Duckworth, the contractor. The appellant says that the respondent should not be allowed a mechanic's lien for any amount greater than the balance due by the appellant, the owner, to the contractor, at the time he received notice of the mechanic's lien. He argues that the contractor failed to construct the dwelling according to the plans and specifications of the Veterans' Administration. He takes the further position that the contractor, having abandoned the construction of the dwelling, was not entitled to recover any sum from the appellant.

Section 45-254 of the Code provides that "in no event shall the aggregate amount of the liens set up hereby exceed the amount due by the owner on the contract price of the improvement made."

We refer again to the case of *Lowndes Hill Realty Company v. Greenville Concrete Company, supra,* where we said an owner's liability under a mechanic's lien is limited to the balance due by him to the prime contractor at the time he receives the notice.

It is uncontradicted that the appellant has not paid anything to Duckworth, nor has he paid for any of the materials furnished to Duckworth by the respondent. It further appears that the work done by Duckworth was so unsatisfactory that it failed to pass the first inspection.

The amount of materials and labor furnished by the respondent to the appellant after Duckworth abandoned the building contract was based upon a contract between the appellant and the respondent. The respondent is entitled to a mechanic's lien for this portion of his claim. However, an entirely different situation arises as to labor and materials furnished by the respondent to Duckworth while he was constructing the dwelling for the appellant. As is heretofore stated, the respondent can only recover to the extent of any amount owing by the appellant to Duckworth. What the appellant owes to Duckworth is a matter of conjecture on the facts now appearing in the record. However, it appears from the transcript that Duckworth abandoned his contract in "mid-July". The itemized statement, which was offered in evidence, as to the labor and materials furnished by the respondent for the construction of the residence of the appellant, shows that the total of such invoices for materials so furnished from May 4, 1956, through July 17, 1956 amounted to $2,491.85. If we subtract this figure from the total of such exhibit we have the figure $2,609.53 as the total for invoices of materials and labor furnished by the respondent to the appellant under the express contract made by the parties after Duckworth abandoned his contract. It thus clearly appears that the respondent is entitled to a lien in the amount of $2,609.53; and, as to the invoices totalling $2,491.85, the respondent is entitled to a mechanic's lien to so much as does not exceed the amount due by the appellant to Duckworth.

There is testimony in the record, which was admitted without objection, that Duckworth failed to erect the dwelling for the appellant according to the plans and specifications, and did, without justification, abandon his construction contract. What amount of damages has been sustained by the appellant as a result of the failure of Duckworth to erect the dwelling according to the plans and specifications, and for abandoning the contract, does not appear from the evidence. This is an issue that should be determined by the lower Court.

We think that the judgment of the lower Court should be affirmed as to all materials and labor furnished by the respondent on and after July 18, 1956, because such was furnished pursuant to an express contract between the respondent and the appellant. We likewise think that the case should be reversed and remanded for the trial of the issue of how much, if anything, the appellant owed Duckworth at the time when the respondent gave him notice of the lien. This can be determined by the taking of testimony as to the amount of damages sustained by the appellant due to the breach of the construction contract by Duckworth so as to determine what amount, if any, is due to Duckworth for work done and materials furnished prior to the abandonment of the contract. Whatever amount the lower Court finds to be due by the appellant to Duckworth at the time he abandoned the contract, the respondent would be entitled to a mechanic's lien for such amount.

The judgment of the lower Court is affirmed as to materials furnished by the respondent to the appellant on and after July 18, 1956 and the judgment of the lower Court is reversed and the case remanded to the trial Court for further proceedings consistent with the views herein expressed.

Affirmed in part and reversed in part.

STUKES, C. J., and TAYLOR, OXNER, and LEGGE, JJ., concur.