1540

CRYSTAL POOLS, INC., Plaintiff v. OLD CLAUSSEN'S BAKERY PARTNERS; Pierpoint, Inc.; Ace Glass Company, Inc.; and South Carolina National Bank, Defendants. OLD CLAUSSEN'S BAKERY PARTNERS, Third-Party Plaintiff, v. MATTOX ELECTRIC SERVICE, INC.; Omni Glass Industries, Inc.; Starwood Maintenance, Inc.; Rose's Quality Paints, Inc., d/b/a Rose-Talbert Paint Company; Midland Heating and Air Conditioning, Inc., d/b/a Midland Trane Air Conditioning Company; Hampton Kitchens, Inc.; Assurance Waterproofing Company, Inc.; Palmetto Hardware and Supply Company; Julian H. Price Company, Inc., d/b/a Price Aquatech Pools; and New Concepts, Inc., all South Carolina corporations; and Chuck Campbell's Wallpapers for Columbia, Inc., a Georgia corporation, Third-Party Defendants, of whom New Concepts, Inc., is Respondent, and Old Claussen's Bakery Partners, is Appellant.

(399 S.E. (2d) 5)

Court of Appeals

*Bowers & Orr,* Columbia, *for appellant.*

*Leo A. Dryer,* Columbia, *for respondent.*

Heard May 9, 1990.

Decided Aug. 27, 1990.

*Per Curiam:*

This is an action to foreclose a mechanic's lien. The circuit court referred the matter to the master in equity for recommended findings of fact and conclusions of law. The master concluded, as a matter of law, that New Concepts' lien was untimely perfected and is, therefore, invalid. New Concepts excepted to the master's report. The circuit court modified the master's report, entering a finding that the mechanic's lien was timely perfected and is valid. Old Claussen's Bakery Partners appeal. We affirm.

On March 17, 1987, New Concepts completed installation of carpeting for Partners. During April and May, 1987, New Concepts returned to repair damage done by another contractor. On May 7, 1987, New Concepts sent its last invoice to Partners. On August 25, 1987, New Concepts returned to restretch the carpeting at no additional charge pursuant to the parties' original contract. On November 20, 1987, New Concepts filed a notice and affidavit of mechanic's lien. On February 19, 1988, New Concepts sought a decree for foreclosure of its mechanic's lien.

The issue on appeal is whether New Concepts timely perfected its mechanic's lien.

Partners argue that warranty work performed five months after the installation of the carpeting does not extend the time for perfecting a mechanic's lien, because it is not "labor or materials" under the mechanic's lien statute.[1] Counting from the date the carpet was installed, New Concepts filed its mechanic's lien and commenced suit beyond the time provided by statute. Thus, Partners contend, the mechanic's lien was untimely perfected and is invalid.

In order to perfect a mechanic's lien, the lienor must file notice of his lien within ninety days after he ceases to labor on or furnish labor or materials for the structure and the lienor must commence suit to enforce his lien within six months of the same date. Sections 29-5-90 and 29-5-120, Code of Laws of South Carolina, 1976, as amended; *Preferred Savings and Loan Association, Inc. v. Royal Garden Resort,* 301 S.C. 1, 389 S.E. (2d) 853 (1990).

---

[1] *See* Sections 29-5-90 and 29-5-120, Code of Laws of South Carolina, 1976, as amended.

At the request of Partners, New Concepts, on August 25, 1987, did additional work which was necessary to complete performance under the contract. This warranty work constitutes the furnishing of "labor or materials" under sections 29-5-90 and 29-5-120. New Concepts filed its notice and affidavit of mechanic's lien within the ninety days of the date this warranty work was performed and commenced suit to enforce its lien within six months, as the statute requires. Thus, New Concepts timely perfected its mechanic's lien. See *Wood v. Hardy*, 235 S.C. 131, 110 S.E. (2d) 157 (1959) (filing of lien was timely where lienor filed within ninety days after performing additional work in good faith at the request of owner which was necessary for completion of contract even though the value thereof was insignificant).

Affirmed.