22084

D. A. DAVIS CONSTRUCTION COMPANY, INC., Appellant, v. PALMETTO PROPERTIES, INC., and Schafer Distributing Company, Inc., Respondents.

(315 S. E. (2d) 370)

Supreme Court

*Allen L. Ray,* Conway, *for appellant.*

*George M. Hearn, Jr.,* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondents.*

April 23, 1984.

GREGORY, Justice:

This is an action to foreclose a mechanic's lien. Appellant D. A. Davis Construction Company, Inc. (Davis) appeals the order of the circuit court denying its request for payment for cost overruns; granting offsets for deficient wall panels and lost rentals requested by respondent Palmetto Properties, Inc.; and granting Davis an award of attorney's fees in the amount of fifteen percent of the recovery. We affirm.

This is an action at law, *Wallace Concrete Pipe Co. v. Downs,* 272 S. C. 335, 251 S. E. (2d) 759 (1979), tried without a jury; therefore, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81,

221 S. E. (2d) 773 (1976). This is so even if the judge's findings are made with a reference. *Id.* This matter was referred to the Master-in-Equity for Horry County. While the Master and the circuit judge disagreed on all but one issue, our review of the findings of the judge is limited to whether there is any evidence which may reasonably support the factual conclusions of the circuit judge.

In December 1977, Davis submitted a bid to Palmetto Properties for the construction of a warehouse and office facility in Myrtle Beach. The Bid Form stated Davis would substantially complete[1] the warehouse no later than May 15, 1978, and the office facility no later than June 15, 1978. The bid without the bonus and liquidated damages provisions was for the guaranteed maximum cost of $293,850.00.

Davis submitted requests for payment during the course of construction and received payments totalling $261,049.50. After completion of the project, Davis submitted a final request for payment in the amount of $53,960.04, bringing the total cost of the project to $315,009.54. Palmetto Properties did not honor the request. Davis then commenced this action.

On the issue of cost overruns, the Master found Davis was entitled to payment in the amount of $21,159.50.

The circuit judge disagreed, finding the Bid Form provided for a guaranteed maximum cost, and absent any agreement between the parties, with respect to extras, Davis was obligated to construct the facility for the sum of $293,850.00. We agree with the circuit judge.

The Bid Form was executed in anticipation that a later contract containing a stipulated sum would be negotiated. A later contract was not executed; therefore, the Bid Form is the only agreement between the parties. The Bid Form provided:

> Bid to negotiate a Stipulated Sum Agreement upon the completion of all project design revisions by the Architect; *such Stipulated Sum, Contract Sum, shall not exceed the Guaranteed Maximum Cost hereinbefore indicated* ($293,850.00). (Emphasis added.)

---

[1] The date of substantial completion is the date when the building can be occupied and used.

In construing a contract, it is axiomatic that the main concern of the court is to ascertain and give effect to the intention of the parties. It is the court's duty to enforce the contract regardless of its wisdom or folly or apparent unreasonableness. *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976).

Davis clearly contracted with Palmetto Properties to construct a warehouse and office facility in Myrtle Beach for a guaranteed maximum amount of $293,850.00. Absent an agreement with Palmetto Properties with respect to extras, Davis can only recover the cost of construction up to $293,850.00.

Next, Davis contends Palmetto Properties is not entitled to offsets for deficient concrete wall panels or lost rental. We disagree.

The evidence established that unacceptable concrete wall panels were put up; they were recoated rather than replaced; they would have to be recoated every five years at a cost of $2,250.00 per coating; the average life of the buildings is twenty years; the total cost of maintaining the concrete wall panels in acceptable form would cost $6,750.00. Both the Master and the circuit judge allowed an offset for that amount. We find the evidence amply supports their finding.

Palmetto Properties presented evidence of an oral agreement with Schafer Distributing Company, Inc., a beer distributorship, to lease the warehouse and office facility for $4,250.00 per month. Palmetto Properties also presented testimony that the date for substantial completion of the warehouse facility (May 15, 1978) was important because it marked the beginning of the busiest season of the year for the Myrtle Beach-based beer distributorship, summer. On August 23, 1978, the project was pronounced substantially completed. Thus, Palmetto Properties lost three months' rental payments totalling $12,750.00. The circuit judge found Davis was responsible for the delay in completing the facility, and allowed an offset for lost rental payments. We find this offset is supported by evidence.

Next, Davis contends the circuit judge erred in awarding it attorney's fees in the sum of 15% of the amount awarded to Davis.

We are compelled to refer to Rule 4, § 6 of this Court's Rules of Practice which provides in pertinent part:

Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. The exception should not be long or argumentative in form.

While most of Davis's exceptions violate the above rule in that they contain multiple assignments of error, the exception concerning attorney's fees is most violative, being one page in length and containing six assignments of error. This alone is justification for this Court's refusal to review the exception. *Kennedy v. Custom Ice Equipment Co., Inc.*, 271 S. C. 171, 246 S. E. (2d) 176 (1978).

Nevertheless, we have considered Davis's argument and find no error. The question of attorney's fees is addressed to the sound discretion of the trial judge and his decision thereon will not be disturbed absent an abuse of discretion. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). Davis has shown no abuse of discretion.

Lastly, Davis contends the circuit judge should have recused himself, that Davis was denied a fair and impartial trial. Not only is the record devoid of partiality on the part of the circuit judge, but also this issue was not presented to the circuit judge and therefore is not properly before this Court. *South Carolina State Highway Dept. v. Meredith*, 241 S. C. 306, 128 S. E. (2d) 179 (1962); Rule 8 § 7 of this Court's Rules of Practice.

The order of the circuit court is

Affirmed.

LITTLEJOHN, C. J., HARWELL, J., and C. TOLBERT GOOLSBY and PAUL M. MOORE, Acting Associate Justices, concur.