725 S.E.2d 495

**FERGUSON FIRE AND FABRICATION, INC., Plaintiff,**

v.

**PREFERRED FIRE PROTECTION, LLC, Fair Forest of Greenville, LLC, Thomas F. Wong, and Immedion, LLC, Defendants,**

**Of Whom Ferguson Fire and Fabrication, Inc., is Appellant,**

and

**Immedion, LLC, is Respondent.**

**Immedion, LLC, Third–Party Plaintiff,**

v.

**Rescom Construction, LLC, Third–Party Defendant.**

**No. 4947.**

Court of Appeals of South Carolina.

Heard Nov. 15, 2011.
Decided Feb. 29, 2012.
Rehearing Denied May 2, 2012.

380

Robert E. Culver, of Charleston, for Appellant.

Ronald G. Tate, Jr., and Nicole J. Buntin, both of Greenville, for Respondent.

WILLIAMS, J.

On appeal, Ferguson Fire and Fabrication, Inc. (Ferguson Fire) argues the circuit court erred in holding Immedion, LLC (Immedion) was not liable on the materialman's lien when Immedion paid its general contractor in full after receiving notice from Ferguson Fire. Ferguson Fire also contends the circuit court erred in holding its notice to Immedion was ineffective under South Carolina law. In addition, Ferguson Fire claims the circuit court erred in determining South Carolina law does not protect a materialman's lien until after the materialman records and serves a statement of the lien. Finally, Ferguson Fire argues the circuit court erred in awarding Immedion attorney's fees related to the filing and prosecution of a third-party claim. We affirm.

## FACTS/PROCEDURAL HISTORY

The facts in this appeal are not in dispute. Immedion contracted with Rescom, LLC (Rescom) to serve as general contractor in performing upfit work to Immedion's data center. Rescom, in turn, hired Preferred Fire Protection, LLC

(Preferred Fire) as a subcontractor to perform work in connection with the upfit of the property. In addition, Immedion separately contracted with Preferred Fire to install a pre-action fire suppression system in the data center for a contract price of $30,973. Preferred Fire subsequently hired Ferguson Fire and Fabrication, Inc. (Ferguson Fire) to provide the materials necessary for installation of the pre-action fire suppression system.

Beginning on August 24, 2007, and continuing through October 16, 2007, Ferguson Fire delivered the materials for the pre-action system. On September 21, 2007, Ferguson Fire sent a "Notice of Furnishing Labor and Materials" (Notice) to Immedion stating Ferguson Fire was employed by Preferred Fire and "ha[s] provided or will provide fire sprinkler/pipe/valve/fittings with an estimated value of $15,000." The Notice did not specify an "amount claimed to be due" and did not indicate when it expected delivery of the materials to be completed. Instead, the Notice provided that materials "were actually furnished or scheduled to be furnished by [Ferguson Fire] to the Project from Sep 10, 2007 [sic] through _____." The Notice further stated:

Please be advised that this company is hereby providing you with notice of furnishing labor and materials to the Project described below pursuant to S.C.Code Ann. § 29–5–20(B) and § 29–5–40. It is important to note that this is not a lien. This is a routine procedure to comply with certain state requirements that may exist and should not reflect in any way on the integrity or credit standing of Preferred Fire Protection....[1]

On August 30, 2007, prior to receiving Ferguson Fire's Notice, Immedion issued a check to Preferred Fire for $15,486.50, according to their agreement. After receiving Ferguson Fire's Notice, but prior to the date all materials were delivered by Ferguson Fire, Immedion issued a second check to Preferred Fire on October 3, 2007, in the amount of $14,513.50. On October 31, 2007, Immedion issued a third and final check to Preferred Fire for the remaining contract balance of $973. Although Immedion made full payment to

---

1. Both parties concede the Notice gives Ferguson Fire no rights under section 29–5–20(B) of the South Carolina Code (Supp.2011).

Preferred Fire for the installation of the pre-action system, Preferred Fire failed to pay Ferguson Fire $15,548.93 for the materials it furnished.

On January 8, 2008, Ferguson Fire filed and served a notice of mechanic's lien to Preferred Fire and Immedion. Ferguson Fire subsequently filed a summons and complaint against Preferred Fire and Immedion alleging Ferguson Fire provided certain "materials, services, and/or labor to the improvements located on the Property pursuant to a binding contract and agreement with Preferred Fire and with the knowledge and permission of Immedion ..." and sought to foreclose its mechanic's lien. Preferred Fire did not answer Ferguson Fire's complaint, and on January 14, 2009, Ferguson Fire obtained a default judgment against Preferred Fire that it has been unable to collect. Immedion answered, asserting Ferguson Fire's complaint should be dismissed because Immedion paid Preferred Fire all sums due to Preferred Fire on the contract prior to receiving Ferguson Fire's Notice. In addition, Immedion filed a third-party complaint against Rescom for breach of contract and attorney's fees. Immedion and Rescom subsequently settled the third-party claims and dismissed that action on July 20, 2009.

In the present action, Immedion filed a motion for summary judgment, contending it paid in full all work performed by its contractors. Ferguson Fire filed a cross-motion for summary judgment, arguing Immedion should have been on notice of its claim because Ferguson Fire provided Immedion the Notice prior to Immedion's full payment to Preferred Fire. The circuit court issued an order granting Immedion's motion for summary judgment, holding the Notice that Ferguson Fire provided was ineffective under section 29–5–40 of the South Carolina Code (Supp.2011) as a notice of lien. The circuit court's order also awarded Immedion attorney's fees for successfully defending against the mechanic's lien. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is proper when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), SCRCP; *Tup-*

*per v. Dorchester Cnty.*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). When plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted. *Ellis v. Davidson*, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct.App.2004).

When reviewing the grant of summary judgment, this court applies the same standard that governs the circuit court under Rule 56, SCRCP. *Pittman v. Grand Strand Entm't, Inc.*, 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005) (internal citations omitted). "On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in a light most favorable to the non-moving party." *Id.* at 536, 611 S.E.2d at 925.

▮ In addition, "the award of attorney's fees is left undisturbed absent abuse of the [circuit] court's discretion." *Taylor, Cotton & Ridley, Inc. v. Okatie Hotel Group, LLC*, 372 S.C. 89, 100, 641 S.E.2d 459, 464 (Ct.App.2007) (internal citation omitted).

## LAW/ANALYSIS

### I. Ferguson Fire's Notice [2]

▮ Ferguson Fire asserts the circuit court erred in holding its Notice was ineffective as a notice of lien under section 29–5–40. We disagree.

▮ "A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate, by virtue of an agreement with or with the consent of the owner or his agent, shall have a mechanic's lien upon the real property to secure payment of the debt." *See* S.C.Code Ann. § 29–5–10(a) (Supp.2011). "The right to a lien arises, inchoate, when labor is performed or *material furnished.*" *Preferred Sav. & Loan Ass'n, Inc. v. Royal Garden Resort, Inc.*, 301 S.C. 1, 3, 389 S.E.2d 853, 854 (1990) (emphasis added); *see also Wood v. Hardy*, 235 S.C. 131, 138, 110 S.E.2d 157, 160 (1959); *Williamson v. Hotel Melrose*, 110 S.C. 1, 30, 96 S.E. 407, 409 (1918). When the person claiming the

---

**2.** We combine Ferguson Fire's first and second arguments.

lien was employed by someone other than the owner, he must notify the owner of the furnishing of labor or material in order for the lien to attach to the property. S.C.Code Ann. § 29–5–40 (Supp.2011).

 A mechanic's lien is purely statutory. Therefore, the requirements of the statute must be strictly followed. *See Shelley Constr. Co. v. Sea Garden Homes, Inc.,* 287 S.C. 24, 27, 336 S.E.2d 488, 490 (Ct.App.1985) (holding mechanic's liens are purely statutory and issues concerning them must be decided in accordance with the terms of the statute). Section 29–5–40 allows a subcontractor or supplier to place an owner on notice of a lien as provided by section 29–5–20(a) of the South Carolina Code (Supp.2011).[3] Section 29–5–40 provides, in pertinent part:

*Whenever work is done or material is furnished* for the improvement of real estate upon the employment of a contractor or some other person than the owner and such … materialman shall in writing *notify the owner of the furnishing of such labor or material and the amount or value thereof,* the lien given by § 29–5–20 shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished. But in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvement made.

(emphasis added). According to the plain language of the statute, a lien attaches to the real estate against the owner of the real estate for the value of the material furnished. The lien must be for "the amount of the work done or material furnished" and the materialman must notify the owner in writing of the same. § 29–5–40. Therefore, no lien attaches until the materials, which are the subject of the lien, have

3. Section 29–5–20(a) provides, in pertinent part:

Every laborer, mechanic, subcontractor, or person furnishing material for the improvement of real estate when the improvement has been authorized by the owner has a lien thereon, subject to existing liens of which he has actual or constructive notice, to the value of the labor or material so furnished, including the costs of the action and a reasonable attorney's fee which must be determined by the court in which the action is brought but only if the party seeking to enforce the lien prevails.

been delivered, and the written notice, including the value of those materials, is provided to the owner.

Ferguson Fire's Notice is insufficient under the statute, and has no legal effect. The September 21, 2007 Notice stated that Ferguson Fire would be supplying materials beginning September 10, 2007, but the Notice never provided a project completion date. Ferguson Fire's final delivery of materials to Preferred Fire was on October 16, 2007, yet it failed to provide notice after this date to Immedion that the material was furnished and its job was completed. In addition, the Notice listed an approximate value of the materials it planned to deliver, but the Notice contained no indication that any payment was due at the time. Accordingly, Ferguson Fire failed to follow the requirements of the statute because all of the materials had not been furnished, and it did not identify the final amount of the supplies yet to be delivered when it notified Immedion. *See* § 29–5–40 (*"Whenever work is done or material is furnished* ... [the] materialman shall in writing *notify the owner of the furnishing of such labor or material and the amount or value thereof....*") (emphasis added).

■ In addition to failing to effectively notify Immedion pursuant to section 29–5–40, our jurisprudence also provides that no lien attaches to the property until notice of an actual demand for payment is made to the owner. *See Sloan Constr. Co. v. Southco Grassing, Inc.,* 377 S.C. 108, 121, 659 S.E.2d 158, 165 (2008) ("[T]he owner's liability is limited to the remaining unpaid balance on the contract with the general contractor *at the time the owner receives notice from the subcontractor of the general contractor's nonpayment.*") (emphasis added). It is axiomatic that compliance with the notice provision of section 29–5–40, including a demand for payment, would be a prerequisite to recovery. Because Ferguson Fire's Notice was sent prior to furnishing all the material, failed to identify the final amount of the goods delivered, and never made a demand for payment, we find the notice was inadequate.

Ferguson Fire argues that our court's opinion in *Stoudenmire Heating & Air Conditioning Co. v. Craig Bldg. P'ship,* 308 S.C. 298, 417 S.E.2d 634 (Ct.App.1992), controls this case. In *Stoudenmire,* we reversed a master's finding that Stouden-

mire's notice of mechanic's lien was filed after the owner exceeded the amount due on the contract price. *Id.* at 302, 417 S.E.2d at 637. Our court found that a letter Stoudenmire wrote to the owner "provide[d] sufficient written notice to the owner to meet the requirements of § 29–5–40." *Id.* (citing *Lowndes Hill Realty Co. v. Greenville Concrete Co.,* 229 S.C. 619, 635, 93 S.E.2d 855, 863 (1956) (stating the statute does not prescribe the form of the notice)).

While we agree the statute does not prescribe the specific format of the notice, we find *Stoudenmire* distinguishable from the instant case. The letter that provided notice to the owner in *Stoudenmire* was sent *after Stoudenmire's work on the project was complete,* and it advised the owner that Stoudenmire had not been paid by the general contractor. *Id.* at 300, 417 S.E.2d at 636. Moreover, Stoudenmire *demanded payment* from the owner for its work on the project. *Id.* Here, on the other hand, Ferguson Fire's Notice was sent before it had completed the delivery of materials for the project and before any payment was due by Preferred Fire or Immedion. Although section 29–5–40 does not contain a time limit for providing written notice to the owner, it is impossible for a notice of a lien to precede the actual performance of work that creates the lien. *See* § 29–5–40 (stating the lien attaches only after "work is performed or material is furnished"); *cf. Wood,* 235 S.C. at 138, 110 S.E.2d at 160 (holding although notice may be given at any time, it will be ineffective if the other prerequisites to the perfection and enforcement of the lien are not met). In addition, Ferguson Fire's Notice did not include a demand for payment. *See Sloan Constr. Co.,* 377 S.C. at 121, 659 S.E.2d at 165. Accordingly, Ferguson Fire's reliance on *Stoudenmire* is misguided, and the circuit court did not err in finding the Notice was insufficient to notify Immedion of a lien.

Ferguson Fire also places great weight on *Lowndes Hill Realty Co. v. Greenville Concrete Co.,* 229 S.C. 619, 635, 93 S.E.2d 855, 863 (1956), arguing our supreme court held a materialman can provide a notice of furnishing material to an owner at anytime—even prior to completing the task. Such a reading misconstrues the holding in *Lowndes.*

388

Lowndes, the owner of the property, entered into a contract with Builders Lumber Company (Builders) for the construction of a building. *Id.* at 623, 93 S.E.2d at 856. Greenville Concrete Company (Greenville Concrete) furnished supplies to Builders between May 11 and August 12, 1953, and Builders failed to pay Greenville Concrete $2,800.46 for the materials utilized in the erection of the building. *Id.* at 623, 93 S.E.2d at 857. After all the material was furnished and the work was completed, Greenville Concrete filed a mechanic's lien on October 9, 1953, and served Lowndes the same day. *Id.* Several months later, Greenville Concrete sought to foreclose their mechanic's lien and served the petition upon Lowndes on January 28, 1954. *Id.* The master held, in pertinent part:

> [S]uch service did not comply with the requirement of Section 45–254 [4] as to notice to the owner, for the reason that Section 45–259 [5] relates only to the dissolution of the lien obtained under Section 45–254, to which lien the notice under Section 45–254 is a condition precedent, and consequently, since the notice required by Section 45–254 had not been given prior to the recording and service of the certificate, no lien had ever been obtained.

*Id.* at 628–29, 93 S.E.2d at 859. Upon review from the circuit court, our supreme court concluded this finding was erroneous and stated the requirement that the materialman provide notice twice was simply that—needless duplication. *Id.* at 630, 93 S.E.2d at 860. In so holding, our supreme court stated:

> Section 45–254 specifies no time at which or within which notice of the furnishing of material is to be given to the owner. [Because a] delay in giving the notice cannot operate to the detriment of the owner, [the owner's] liability under the lien is limited to the balance due by [the owner] to the prime contractor at the time [the owner] receives the notice.

---

4. Section 45–254 is the precursor to section 29–5–40 of the South Carolina Code (Supp.2010), and the statutory sections are substantially identical.

5. Section 45–259 is the precursor to section 29–5–90 of the South Carolina Code (Supp.2010), and the statutory sections are substantially identical.

*Id.* at 629–30, 93 S.E.2d at 860. Because Greenville Concrete complied with the requirements of the statute by delivering all of the materials, detailing a specific amount for those materials, and subsequently sending notice, it was irrelevant that Greenville Concrete notified Lowndes in the process of perfecting its lien as Lowndes's liability was limited to the balance due at the time it received notice. *Id.* at 636, 93 S.E.2d at 863. Thus, the holding in *Lowndes* stands only for the proposition that notice can be sent anytime after a lienor completely furnishes the material. Accordingly, Ferguson Fire's reliance on *Lowndes* is misplaced, and the circuit court did not err in finding the Notice was insufficient to notify Immedion of a lien.

In light of our determination that the circuit court properly found Ferguson Fire's Notice was insufficient to notify Immedion of a lien, we need not reach Ferguson Fire's issue relating to the lienor's preference under section 29–5–50 of the South Carolina Code (2007). *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## II. Attorney's Fees

■ Ferguson Fire next argues that, even if Immedion was entitled to summary judgment, the circuit court abused its discretion in granting attorney's fees relating to Immedion's filing and prosecution of a third-party claim. We disagree.

■ Section 29–5–20(A) of the South Carolina Code (Supp. 2011) provides that "[i]f the party defending against the lien prevails, the defending party must be awarded costs of the action and a reasonable attorney's fee as determined by the court." In addition, the amount of attorney's fees that should be awarded under the mechanic's lien statute is within the sound discretion of the circuit court. *D.A. Davis Constr. Co. v. Palmetto Props., Inc.,* 281 S.C. 415, 419, 315 S.E.2d 370, 372 (1984). The circuit court's decision regarding such a matter will not be disturbed absent an abuse of discretion. *Id.* An abuse of discretion occurs when, *inter alia,* the circuit court's

ruling is based upon an error of law. *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 128, 542 S.E.2d 736, 742 (Ct.App.2001).

■ In *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997), our supreme court held the following six factors should be considered when determining reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Id.* at 308, 486 S.E.2d at 760 (internal citations omitted). "[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor." *Id.*

In the instant case, the circuit court considered each of the requisite factors, and the record supports the circuit court's finding. Initially, we note the circuit court reviewed detailed affidavits of Immedion's counsel outlining their respective experience and qualifications, and counsel provided a chart itemizing the time and expenses incurred in defense of Immedion. In addition, the circuit court conducted a separate hearing and considered the testimony of Immedion's counsel regarding expenses incurred in connection with Immedion's third-party complaint against Rescom. At the hearing, Immedion's counsel testified that he only submitted a request for fees which were necessitated by Ferguson Fire's filing of the mechanic's lien and he severed out "anything having to do with the kind of negotiation and the pre-agreement work" that was involved in Rescom's defense of the third-party complaint to prevent any duplication of fees. We agree with the circuit court's determination the attorney's fees incurred were reasonable in light of the nature of the work performed, particularly when counsel was required to research and address novel legal issues with regard to the mechanic's lien. Moreover, Immedion obtained a beneficial result when the circuit court granted summary judgment and dissolved the lien. Finally, we find the fee and the court costs did not exceed the amount of the lien as required by the statute. *See* § 29–5–20(A). We therefore find the circuit court did not abuse its discretion in awarding Immedion attorney's fees and costs in the amount of $14,472.55.

## CONCLUSION

Accordingly, the circuit court's order is

**AFFIRMED.**

SHORT and GEATHERS, JJ., concur.