# The Supreme Court of South Carolina

Ferguson Fire and Fabrication, Inc., Plaintiff,

v.

Preferred Fire Protection, L.L.C.; Fair Forest of Greenville, L.L.C.; Thomas F. Wong; and Immedion, L.L.C., Defendants,

Of Whom Ferguson Fire and Fabrication, Inc., is Petitioner,

and Immedion, L.L.C., is Respondent.

Immedion, L.L.C., Third-Party Plaintiff,

v.

Rescom Construction, L.L.C., Third-Party Defendant.

Appellate Case No. 2012-212191
Lower Court Case No. 2008-CP-23-02746

————————

## ORDER

————————

The Petition for Rehearing in the above matter is denied.  However, the opinion is refiled to eliminate a sentence from the factual recitation that does not affect the result.

s/ Costa M. Pleicones                    A.C.J.

s/ Donald W. Beatty                      J.

s/ John W. Kittredge                     J.

Acting Justice D. Craig Brown and Acting Justice Dorothy Mobley Jones, not participating.

Columbia, South Carolina

August 13, 2014

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Ferguson Fire and Fabrication, Inc., Plaintiff,

v.

Preferred Fire Protection, L.L.C., Fair Forest
of Greenville, L.L.C., Thomas F. Wong, and
Immedion, L.L.C., Defendants,

Of whom Ferguson Fire and Fabrication, Inc., is
Petitioner,

and Immedion, L.L.C., is Respondent.

Immedion, L.L.C., Third-Party Plaintiff,

v.

Rescom Construction, L.L.C., Third-Party Defendant.

Appellate Case No. 2012-212191

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Greenville County
The Honorable R. Lawton McIntosh, Circuit Court Judge

---

Opinion No. 27410
Heard June 12, 2014 – Refiled August 13, 2014

---

## REVERSED AND REMANDED

Robert E. Culver, of Charleston, for Petitioner.

Ronald G. Tate, Jr., and Zachary Lee Weaver, both of Gallivan, White & Boyd, P.A., of Greenville, for Respondent.

**JUSTICE BEATTY:** This Court granted a petition for a writ of certiorari to review the decision in *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Protection, L.L.C.*, 397 S.C. 379, 725 S.E.2d 495 (Ct. App. 2012), in which a supplier of materials ("Ferguson Fire") brought an action for foreclosure of a mechanic's lien against the owner of a data center ("Immedion") and its contractor ("Preferred Fire"). Ferguson Fire contends, and we agree, that the Court of Appeals erred in adding requirements to S.C Code Ann. § 29-5-40 (2007), governing a notice of furnishing, that are not in the statute itself and in concluding Ferguson Fire did not establish an effective lien upon which a foreclosure action could be premised. We reverse and remand.

## I. FACTS

This case arises out of Ferguson Fire's efforts to obtain payment for materials it supplied to Preferred Fire for Immedion's data center. An outline of the events leading to Ferguson Fire's mechanic's lien action and the lower courts' rulings follow.

### *Contracts for Improvements to Immedion's Data Center*

In 2007, Immedion, a telecommunications company, hired Rescom, L.L.C. to be the general contractor for improvements planned for its data center on property Immedion leased in Greenville. This contract excluded the performance of part of the fire protection work that was needed. Rescom, in turn, hired Preferred Fire, a fire sprinkler company, as a subcontractor.

In addition, Immedion directly hired Preferred Fire under a separate contract for $30,973.00 to install a special "pre-action" fire suppression system[1] in its data center. To complete this work, Preferred Fire purchased materials from Ferguson Fire. Ferguson Fire began delivering materials to Preferred Fire on August 24, 2007, and the deliveries continued through October 16, 2007.

### *Notice of Furnishing Labor and/or Materials*

On September 21, 2007, while its deliveries were in progress, Ferguson Fire sent a "Notice of Furnishing Labor and Materials" ("Notice of Furnishing") to Immedion advising it in relevant part that it had been employed by Preferred Fire to deliver labor, services, or materials with an estimated value of $15,000.00 to Immedion's premises. The Notice of Furnishing advised that it was being given as "a routine procedure to comply with certain state requirements that may exist," and that it was not a lien, nor any reflection on Preferred Fire's credit standing.

Immedion paid Preferred Fire $15,486.50 of the $30,973.00 contract price for installation of the system *before* receiving Ferguson Fire's Notice of Furnishing on September 21, 2007. *After* receiving the Notice of Furnishing, Immedion issued two additional checks to Preferred Fire totaling $15,486.50 for the unpaid balance of the contract price.

It is undisputed that Immedion paid everything it owed to Rescom, and it also paid its contractor Preferred Fire in full under the separate contract for the fire suppression system. However, Preferred Fire never paid Ferguson Fire for the materials it furnished.

### *Notice or Certificate of Lien*

On January 8, 2008, Ferguson Fire served upon Immedion, Preferred Fire, and others (and later filed) a "Statement and Notice of Mechanic's Lien," which gave notice of the existence of a lien and included a Statement of Account. Ferguson Fire indicated it had supplied $15,548.93 in materials to Preferred Fire for Immedion's premises from August 24, 2007 through October 16, 2007 pursuant to an agreement with Preferred Fire that was entered into "with the knowledge and consent and permission and authorization of Immedion." Ferguson Fire stated

---

[1] Pre-action fire suppression systems are multi-step systems designed to prevent accidental activation in areas that are highly sensitive to water damage. *See* "Fire sprinkler system," *available at* http://en.wikipedia.org/wiki/Fire_sprinkler_system.

$15,548.93 was still owing and due, and it asserted a mechanic's lien upon the described premises.

### *Complaint for Foreclosure of Lien & Summary Judgment Motions*

On April 11, 2008, Ferguson Fire filed a complaint and a lis pendens against Preferred Fire, Fair Forest of Greenville, L.L.C., Thomas F. Wong, and Immedion seeking foreclosure of a mechanic's lien as to all defendants, as well as attorney's fees, costs, and interest.[2]

Immedion answered[3] and thereafter moved for summary judgment, maintaining (1) there was no evidence Ferguson Fire had furnished any materials for the benefit of property owned by Immedion, as it was a mere leaseholder; (2) there was no contractual relationship giving rise to liability between Ferguson Fire and Immedion; and (3) Immedion paid in full for all work performed by its contractors, so it had no further liability pursuant to S.C. Code Ann. § 29-5-20(B).

Ferguson Fire filed a cross-motion for summary judgment, arguing (1) under S.C. Code Ann. § 29-5-30 a leasehold interest in property is subject to a materialman's lien; (2) a materialman supplying materials to a contractor has a lien for the value of the materials on the leaseholder's interest under S.C. Code Ann. § 29-5-20, and the value of the lien is limited to the amount due to the contractor by the owner/leaseholder as of the date of notice under sections 29-5-20 and 29-5-40; and (3) Immedion should have been aware of its potential claim because Ferguson Fire gave Immedion the Notice of Furnishing prior to Immedion's full payment to Preferred Fire.

Ferguson Fire asserted since it gave Immedion notice on September 21, 2007 that it was furnishing materials for its premises, under South Carolina's

---

[2] Ferguson Fire additionally asserted claims for breach of contract and unjust enrichment as to Preferred Fire only. Ferguson Fire obtained a default judgment against Preferred Fire but was unable to collect on it. Ferguson Fire stipulated to a dismissal of Fair Forest and Wong.

[3] In addition, Immedion counterclaimed against Ferguson Fire for attorney's fees, and it instituted a third-party complaint against Rescom for breach of contract. Rescom counterclaimed against Immedion, but the two reached a settlement and dismissed Immedion's third-party complaint when they determined Ferguson Fire's suit did not involve Immedion's contract with Rescom.

mechanic's lien statutes, it was entitled to a lien up to the amount Immedion paid to its contractor, Preferred Fire, *after* that date, plus attorney's fees and interest.[4] Ferguson Fire noted that the value of the materials it supplied to Preferred Fire was actually greater than the amount of its lien, but acknowledged that under the statutory provisions its lien was limited to the unpaid balance of the contract between Immedion and Preferred Fire as of the date of its Notice of Furnishing.

### *Decisions of Circuit Court & Court of Appeals*

The circuit court granted summary judgment to Immedion and extinguished the mechanic's lien filed by Ferguson Fire.  The court stated, "The issue is whether the Notice of Furnishing was sufficient to notify the owner [Immedion] of the lien given by § 29-5-20.  Because the Notice explicitly stated that it was not a mechanic's lien and contained no demand for payment, the Notice is ineffective under § 29-5-40 as a Notice of Lien."

The Court of Appeals affirmed, finding the Notice of Furnishing was ineffective under section 29-5-40 because it "was sent prior to furnishing all the material, failed to identify the final amounts of the goods delivered, and never made a demand for payment." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Protection, L.L.C.*, 397 S.C. 379, 386, 725 S.E.2d 495, 499 (Ct. App. 2012).  The court concluded "the circuit court did not err in finding the Notice [of Furnishing] was insufficient to notify Immedion of a lien." *Id.* at 387, 725 S.E.2d at 499.  This Court granted Ferguson Fire's petition for a writ of certiorari.

### II.  STANDARD OF REVIEW

Rule 56(c) of the South Carolina Rules of Civil Procedure provides a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."

---

[4]  Although Ferguson Fire inadvertently referred to the balance remaining on the notice date as $15,485.50 in some of its materials, this appears to be a scrivener's error as the balance remaining on the notice date, and thus the potential lien, was $15,486.50.

*Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 42, 747 S.E.2d 178, 182 (2013) (citation omitted).  Determining the proper interpretation of a statute is a question of law, which this Court reviews de novo.  *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 662 S.E.2d 40 (2008).

### III.  LAW/ANALYSIS

On certiorari, Ferguson Fire contends the Court of Appeals erred in adding requirements for the timing and form of a Notice of Furnishing under S.C. Code Ann. § 29-5-40; specifically, it erred in determining a Notice of Furnishing could not be delivered to an owner until *after* a materialman delivers all materials to the worksite and that a demand for payment of a specific amount must be included in the notice.  We agree.  The Court of Appeals has added requirements that are not present in the statute itself and, as a result, erred in concluding Ferguson Fire's lien was ineffective as a matter of law.

### A.  Overview of Mechanics' Liens Statutes

In South Carolina, mechanics' liens are purely statutory and may be acquired and enforced only in accordance with the terms and conditions set forth in the statutes creating them.  *Multiplex Bldg. Corp. v. Lyles*, 268 S.C. 577, 235 S.E.2d 133 (1977); *accord Skiba v. Gessner*, 374 S.C. 208, 212, 648 S.E.2d 605, 606 (2007) (stating "one's right to a mechanic's lien is wholly dependent upon the language of the statute creating it"); *Butler Contracting, Inc. v. Court St., L.L.C.*, 369 S.C. 121, 130, 631 S.E. 252, 257 (2006) (observing mechanics' lien statutes "must be strictly followed").  The statutory process encompasses several steps, including the (1) creation, (2) perfection, and (3) enforcement of the lien.  *See generally* S.C. Code Ann. §§ 29-5-10 to -440 (2007 & Supp. 2013) (governing mechanics' liens).

### (1)  Creation of Lien

As a general rule, mechanics' liens arise when a contractor, subcontractor, or other person improves real property by furnishing labor and/or materials for a building or structure.  22 S.C. Jur. *Mechanics' Liens* § 2 (1994).  "Because the improvements usually attach to and become an inseparable part of the structure, the lien statutes give the persons responsible for the improvements a security interest, or a lien on the improvement to the value of the amount due them."  *Id.* § 3 (footnote omitted).

The primary lien statutes are found in sections 29-5-10 and 29-5-20 of the South Carolina Code, and they distinguish between two classes of persons: (1) those with a direct contractual relationship to the owner (or leaseholder, as the case may be), such as contractors, and (2) those who are not in direct privity of contract with the owner, such as subcontractors and materialmen or suppliers. *Id.* § 8; *see* S.C. Code Ann. § 29-5-10 (2007) (creating liens for those with a direct contractual relationship with the owner); *id.* § 29-5-20 (creating liens for those not in direct privity with the owner).

In this case, Ferguson Fire did not contract directly with the leaseholder of the premises, Immedion; rather, it was a supplier of materials to Immedion's contractor, Preferred Fire. This implicates section 29-5-20(A), which provides in relevant part: "Every laborer, mechanic, subcontractor, *or person furnishing material* for the improvement of real estate when the improvement has been authorized by the owner *has a lien thereon*, subject to existing liens of which he has actual or constructive notice, to the value of the labor or material so furnished . . . ." S.C. Code Ann. § 29-5-20(A) (emphasis added).

"The lien arises, inchoate, when the labor is performed or the materials are furnished." *Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 26, 336 S.E.2d 488, 489 (Ct. App. 1985). In other words, "when the labor is performed or material is furnished, the right exists but *the lien has not been perfected*." *Butler Contracting*, 369 S.C. at 128, 631 S.E.2d at 256 (emphasis added).

Moreover, if the person furnishing the labor or materials was employed by someone *other* than the owner (such as a contractor), for the lien to attach the person must meet the *additional* requirement of giving written notice to the owner of the furnishing of the labor or material. *Id.* (citing S.C. Code Ann. § 29-5-40; *Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S.C. 619, 93 S.E.2d 855 (1956); *Shelley Constr. Co.*, 287 S.C. at 26, 336 S.E.2d at 490).

Section 29-5-40, entitled "Notice to owner before lien attaches when laborer was employed by someone other than owner," provides in full as follows:

> Whenever work is done or *material is furnished* for the improvement of real estate *upon the employment of a contractor* or some other person than the owner *and such* laborer, mechanic, contractor or *materialman shall in writing notify the owner of the furnishing of such labor or material and the amount or value thereof, the lien given by § 29-5-20 shall attach upon the real estate improved*

as against the true owner for the amount of the work done or material furnished. But in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvement made.

S.C. Code Ann. § 29-5-40 (2007) (emphasis added). By its terms, section 29-5-40 requires a supplier to give written notice to the owner (1) "of the furnishing of such labor or material" and (2) "the amount or value thereof."

### (2)  Perfection & Enforcement of Lien

For an inchoate lien to become valid, the lien must be perfected and enforced in compliance with South Carolina's mechanic's lien statutes. *Preferred Sav. & Loan Ass'n v. Royal Garden Resort, Inc.*, 301 S.C. 1, 389 S.E.2d 853 (1990). To perfect and enforce a lien, one must timely complete the following three steps found in sections 29-5-90 and 29-5-120 of the South Carolina Code: (1) serve and file a notice or certificate of the lien, (2) commence a lawsuit to enforce the lien, and (3) file a lis pendens. *See* S.C. Code Ann. §§ 29-5-90 & -120 (2007); *Butler Contracting*, 369 S.C. at 129, 631 S.E.2d at 256; *see also* 22 S.C. Jur. *Mechanics' Liens* §§ 15 to 19 (1994) (discussing procedures). The trigger for determining when all three of these events must be performed is the date when the supplier ceases furnishing labor or materials.

*(a) Notice or Certificate of Lien.* Section 29-5-90 requires that, within ninety days after he ceases to furnish labor or materials for a building or structure, the party asserting a lien must serve upon the owner (or person in possession of the property) and file with the register of deeds or clerk of court a notice or a certificate that includes a statement of the amount due him, together with a description of the property intended to be covered by the lien, the name of the owner of the property, if known, and other required information. S.C. Code Ann. § 29-5-90 (2007); *Butler Contracting*, 369 S.C. at 129, 631 S.E.2d at 256.

*(b)  Commencement of Lawsuit to Enforce the Lien.* Pursuant to section 29-5-120, a party must commence a lawsuit seeking to enforce the lien within six months after ceasing to provide labor or materials for the property. S.C. Code Ann. § 29-5-120 (2007). The lien may be enforced by a petition to the court of common pleas in the county where the building or structure is located. *Id.* § 29-5-140.

*(c)  Notice of Lis Pendens*.  Section 29-5-120 further requires a party to file a notice of the pending action (lis pendens) within six months after ceasing to provide labor or materials.  *Id.* § 29-5-120.

"If these steps are taken, the person claiming the lien may foreclose against the property to satisfy the debt."  *Butler Contracting*, 369 S.C. at 129, 631 S.E.2d at 256.  "On the other hand, if he fails to take any one of these steps, the lien against the property is dissolved pursuant to Sections 29-5-90 and 29-5-120."  *Id.*

The importance of strictly adhering to the statutory requirements is that, once a party claiming a lien gives the proper notice, he is entitled to be paid in preference to the contractor who procured the labor or materials, and the owner's payment to the contractor *after* receiving the proper notice shall not diminish the amount recoverable by the party asserting a lien.  S.C. Code Ann. § 29-5-50 (2007).

## B.  Application of Statutory Scheme to Ferguson Fire

The current dispute centers on the Court of Appeals's determination that Ferguson Fire never acquired a lien because it gave a Notice of Furnishing to Immedion prior to delivering all of the materials to the worksite and without including a demand for payment of a specific amount.  The court's holding turns on its interpretation of section 29-5-40, which imposes written notice upon the owner as a prerequisite for a lien to attach when the supplier is hired by someone other than the owner.

If a statute is ambiguous, the courts must construe its terms.  *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 750 S.E.2d 61 (2013).  "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers."  *Id.* at 128, 750 S.E.2d at 63 (citation omitted).   However, "[w]here the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."  *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).

"What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.  Therefore, the courts are bound to give effect to the expressed intent of the legislature."  *Id.* (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03, at 94 (5th ed. 1992)).  "We are not at liberty, under the guise of construction, to alter the plain language of [a] statute by

adding words which the Legislature saw fit not to include." *Shelley Constr. Co.*, 287 S.C. at 28, 336 S.E.2d at 491. "Our duty is to apply the statute according to its own terms." *Id.* at 29, 336 S.E.2d at 491.

Upon reviewing the plain terms of section 29-5-40 and considering its relation to the other mechanic's lien provisions as well as prior case law, we believe Immedion and the Court of Appeals have confused the requirements for a Notice of Furnishing to an owner under section 29-5-40 with the requirements for a notice or certificate of a lien under section 29-5-90.

Application of the mechanic's lien statutes outlined above indicates Ferguson Fire followed the proper timing and sequence of events for (1) creation, (2) perfection, and (3) enforcement of a mechanic's lien. An inchoate lien normally arises upon the furnishing of the labor and materials under section 29-5-20. However, section 29-5-40 additionally provides that, in cases where the person seeking the lien was employed by someone *other* than the owner, the supplier must notify the owner in writing "of the furnishing of such labor or material and the amount or value thereof" for "the lien given by § 29-5-20 [to] attach upon the real estate . . . ." S.C. Code Ann. § 29-5-40. Thus, Ferguson Fire was required to meet the terms of both section 29-5-20(A) and section 29-5-40 for it to have an inchoate lien attach.

In this case, Ferguson Fire gave Immedion written notice on September 21, 2007 that it was supplying materials to Preferred Fire for its premises with an estimated value of $15,000.00. This is all of the information specifically required by the General Assembly in section 29-5-40 for a Notice of Furnishing. Ferguson Fire's Notice of Furnishing correctly indicated that it was *not* then noticing a lien and it did *not* include a demand for payment as it had not yet delivered all of the materials to the premises, and there was no amount delinquent at that time. The cessation of deliveries and a specific demand for payment are elements that are required for a lien notice. In contrast, the Notice of Furnishing under section 29-5-40 was simply to apprise Immedion as the leaseholder of the property that Ferguson Fire was "furnishing . . . labor or material" to its premises.

Once all of the materials had been furnished and Preferred Fire failed to pay the amount due, Ferguson Fire *then* proceeded with the next step in the process under section 29-5-90 to prepare a lien notice that included a Statement of Account. The lien notice indicated that the materials had been furnished and that there was a specific amount then owing and unpaid for which a lien was being pursued.

The Court of Appeals acknowledged that section 29-5-40 "does not prescribe the specific format of the notice," and it "does not contain a time limit for providing written notice to the owner," but stated that "it is impossible for a notice of a lien to precede the actual performance of work that creates the lien." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Protection, L.L.C.*, 397 S.C. 379, 387, 725 S.E.2d 495, 499 (Ct. App. 2012). We agree with the Court of Appeals that a lien notice could not be prepared until all of the materials were delivered. *See* S.C. Code Ann. § 29-5-90 (providing a notice or certificate of a lien is to be served and filed "after [a person] ceases to labor on or furnish labor or materials for such building or structure"). However, Ferguson Fire provided *both* a Notice of Furnishing and a lien notice, which serve two different purposes, and it did not file its lien notice until after the delivery of all materials.

In *Lowndes Hill Realty Co. v. Greenville Concrete Co.*, 229 S.C. 619, 629, 93 S.E.2d 855, 860 (1956), this Court expressly stated that the Notice of Furnishing statute specifies no time when the notice should be given to the owner, and it could be "given at any time":

> Section 45-254 [now 29-5-40] *specifies no time at which or within which notice of the furnishing of material is to be given to the owner. Such notice may be given at any time.* Cf. Hughes v. Peel, 221 S.C. 307, 70 S.E.2d 353; but of course it will be ineffectual if the other requisites to the perfection and enforcement of the lien, Sections 45-259 and 45-262 [now sections 29-5-90 and 29-5-120], are not met. Delay in giving the notice cannot operate to the detriment of the owner, because his liability under the lien is limited to the balance due by him to the prime contractor at the time he receives the notice.

(Emphasis added.) In *Wood v. Hardy*, 235 S.C. 131, 137-38, 110 S.E.2d 157, 160 (1959), this Court quoted *Lowndes* extensively and reiterated that the General Assembly has set forth no time limit as to the filing of a Notice of Furnishing, so it may be given at any time. However, as noted in *Lowndes*, the lien is limited to the amount of the unpaid balance at the time the owner receives the notice, so the timing of the notice affects the amount of the potential lien. *Id.* at 138, 110 S.E.2d at 160.

The Court of Appeals also recognized the impact of the timing of a Notice of Furnishing upon the potential lien amount in *Stovall Building Supplies*:

S.C. Code Ann. § 29–5–40 (1976) provides, in pertinent part, that a mechanic's lien will not attach to the owner's property unless the owner is given notice of the claim of a materialman who contracted with a person other than the owner prior to the payment in full of the amount owed the contractor. In addition, the materialman's lien is limited to the amount the owner owes the contractor at the time the materialman gives notice.

*Stovall Bldg. Supplies, Inc. v. Mottet*, 305 S.C. 28, 32, 406 S.E.2d 176, 178 (Ct. App. 1990) (footnote omitted). More recently, in *Butler Contracting*, this Court again explicitly noted, "Section 29-5-40 does not contain a time limit for providing written notice to the owner when the person asserting the lien is employed by someone other than the owner." *Butler Contracting*, 369 S.C. at 128 n.3, 631 S.E.2d at 256 n.3 (citations omitted).

Ferguson Fire obviously gave its Notice of Furnishing to Immedion. Once it received the proper notice, Immedion made any additional payments at its own peril. *See generally Lowndes Hill Realty Co.*, 229 S.C. at 629, 93 S.E.2d at 860 (citing the prior codifications of sections 29-5-20 and 29-5-40 and stating there is a "manifest two-fold purpose" for the two statutes, to wit, "(1) [t]he protection of one, not a party to a contract with the owner, who furnishes labor or material in the improvement of the owner's property, by giving him a lien for such labor or material; and (2) the protection of the property owner by limiting his liability and that of his property in respect of all such liens 'to the amount due by the owner on the contract price of the improvement made'" (citation omitted)).

The Court of Appeals has created additional requirements not provided by the General Assembly in section 29-5-40 for a Notice of Furnishing. Ferguson Fire gave proper notice to Immedion that it was furnishing materials to its premises, as well as a separate lien notice that included a demand for the amount due once the materials had actually been supplied and its invoices became delinquent. All of these steps occurred prior to Ferguson Fire's service and filing of its complaint for foreclosure of the mechanic's lien and a lis pendens. As a result, the Court of Appeals erred in holding Ferguson Fire did not establish an effective lien.

## IV.  CONCLUSION

We conclude Ferguson Fire followed the statutory procedures to establish a mechanic's lien upon which a foreclosure action could be maintained, so summary

judgment was improperly awarded to Immedion. We reverse and remand for further proceedings.[5]

**REVERSED AND REMANDED.**

**KITTREDGE, J. and Acting Justices D. Craig Brown and Dorothy M. Jones, concur. PLEICONES, Acting Chief Justice, concurring in result only.**

---

[5] In light of our result, the award of attorney's fees to Immedion is likewise reversed.