**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Donkevius Durell Jones, Appellant.

Appellate Case No. 2013-000548

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-511
Submitted October 1, 2015 – Filed November 12, 2015

**AFFIRMED**

Circuit Defender Janna A. Nelson, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor David M. Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Donkevius Jones appeals from the restitution order following his guilty pleas for two counts of first-degree assault and battery, one count of petit

larceny, and one count of second-degree burglary, arguing (1) the trial court erred in holding a restitution hearing fifteen months after his initial sentencing hearing, (2) the trial court erred in granting restitution for damage to property that Jones did not plead guilty to damaging, and (3) the trial court did not properly consider his financial resources and ability to repay. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in holding a restitution hearing fifteen months after Jones's initial sentencing hearing: *State v. Gulledge*, 326 S.C. 220, 229, 487 S.E.2d 590, 594 (1997) ("A restitution hearing is part of the sentencing proceeding."); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("The cardinal rule of statutory construction is to ascertain and effectuate legislative intent." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); *id*. ("As such, a court must abide by the plain meaning of the words of a statute."); *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Protection, LLC*, 409 S.C. 331, 343, 762 S.E.2d 561, 567 (2014) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting *Hodges*, 409 S.C. at 343, 762 S.E.2d at 567)); *id*. ("We are not at liberty, under the guise of construction, to alter the plain language of [a] statute by adding words which the Legislature saw fit not to include." (alteration in original) (quoting *Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 28, 336 S.E.2d 488, 491 (Ct. App. 1985))); *Dangerfield v. State*, 376 S.C. 176, 179, 656 S.E.2d 352, 353-54 (2008) ("Due process considerations apply in contested cases or hearings which affect an individual's property or liberty interests as contemplated by the federal and state constitutions."); *id*. at 179, 656 S.E.2d at 354 (holding that procedural due process "requires the individual whose property or liberty interests are affected to have received adequate notice of the proceeding, the opportunity to be heard in person, the opportunity to present evidence, the right to confront and cross-examine adverse witnesses and the right to meaningful judicial review"); S.C. Code Ann. § 17-25-322(C) (2014) (requiring that in the absence of a court-determined monthly payment schedule, "the Department of Probation, Parole, and Pardon Services [(Department)] shall impose a payment schedule of equal monthly payments that will result in full restitution and collections fee being paid by the end of eighty percent of an offender's supervision period"); S.C. Code Ann. § 24-21-100(A) (Supp. 2014) ("[W]hen an individual has not fulfilled his

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

obligations for payment of financial obligations by the end of his term of supervision, then the individual shall be placed under quarterly administrative monitoring."); S.C. Code Ann. § 24-21-5(1) (Supp. 2014) (defining "administrative monitoring" as "a form of monitoring by the [D]epartment beyond the end of the term of supervision in which the only remaining condition of supervision not completed is the payment of financial obligations"); S.C. Code Ann. § 24-21-100(B) (Supp. 2014) (requiring that while subject to administrative monitoring, an individual will pay a regular monitoring fee, determined by the Department based on the individual's ability to repay, but not to exceed ten dollars per month).

2.  As to whether the trial court erred in granting restitution for damage to property that Jones did not plead guilty to damaging:  *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006) ("In criminal cases, an appellate court sits to review errors of law only.  Therefore, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous."); S.C. Code Ann. § 17-25-322(A) (2014) ("When a defendant is convicted of a crime which has resulted in pecuniary damages or loss to a victim, the court must hold a hearing to determine the amount of restitution due the victim or victims of the defendant's criminal acts.").

3.  As to whether the trial court did not properly consider Jones's financial resources and ability to repay:  *State v. Cox*, 326 S.C. 440, 442, 484 S.E.2d 108, 109 (Ct. App. 1997) (holding the trial court is given broad discretion in determining "the manner, method and amount of restitution"); S.C. Code Ann. § 17-25-322(B) (2014) (recognizing the trial court may take into account "(1) the financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant; (2) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; (3) the anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment; (4) any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts; [and] (5) the mental, physical, and financial well-being of the victim" in making restitution decisions); S.C. Code Ann. § 17-25-322(C) ("The court shall enter its order upon the record stating its findings and the underlying facts and circumstances of them.").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**