**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Station, Inc. d/b/a Company Two, Inc., Appellant,

v.

Hampton County, Respondent.

Appellate Case No. 2021-000685

Appeal From Hampton County
Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2025-UP-257
Submitted June 2, 2025 – Filed July 23, 2025

**AFFIRMED**

Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton; and Christopher Wilson, of Wilson Law Group, LLC, of Bamberg, both for Appellant.

Richard B. Ness, of Richard B. Ness, Attorney at Law; Norma Anne Turner Jett and Richard Aaron Ness, both of Ness & Jett, LLC, all of Bamberg, for Respondent.

**PER CURIAM:**  The Station, Inc. d/b/a Company Two, Inc. (the Station)[1] appeals the trial court's order granting Hampton County's (the County) motions for a directed verdict as to the Station's claims for breach of contract, specific performance, and promissory estoppel.  The central issue of this case is whether the Station possesses a contractual or equitable right to use the Hampton County Airport's (the Airport) runway to conduct testing for airport rescue firefighting (ARFF) trucks.  More specifically, the parties contest whether a 2005 letter created a legal or equitable right for the Station to use the Airport's runway for ARFF testing.  We affirm.

We hold the trial court properly directed a verdict on the Station's claim for specific performance because the 2005 letter was not a contract to authorize the Station to use the Airport's runway to test ARFF trucks; rather, it was an offer from the County to construct a private taxiway and engage in a property swap if the Station relocated its business to Hampton County.  *See Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 369, 593 S.E.2d 170, 173 (Ct. App. 2004) ("A typical contract contains mutual promises and is created by an acceptance constituting a return promise by the offeree."); *Hardaway Concrete Co. v. Hall Contracting Corp.*, 374 S.C. 216, 225, 647 S.E.2d 488, 492 (Ct. App. 2007) ("In order for a contract to arise, there must be a meeting of the minds of the parties involved with regard to all essential and material terms of the agreement.").  Although the 2005 letter clearly opens negotiations and mentions potential promises to be made on both sides, it does not yield the creation of a binding contract.  Further, the promise introduced by the County was for the construction and use of a private taxiway that would allow the Station private access to the Airport.  The 2005 letter neither promises use of the Airport's main runway nor discusses the use of the Airport's property for ARFF testing.  Thus, we find no binding contract resulted from the 2005 letter and any promise made by the County did not encompass ARFF testing.  *See Sossamon v. Littlejohn*, 241 S.C. 478, 486, 129 S.E.2d 124, 128 (1963) ("The fundamental basis of a suit for specific performance is that there be a contract between the parties."); *Finklea v. Carolina Farms Co.*, 196 S.C. 466, 471–72, 13 S.E.2d 596, 599 (1941) (holding specific performance is improper when there is no contract to enforce).

---

[1] Company Two also does business as an entity named Q&J Properties, LLC (Q&J).  The Station and Q&J are owned by the same individual, Quincy Jones.  Throughout the record, Company Two operates under both entity names.  For purposes of clarity, we collectively refer to Company Two, the Station, and Q&J as "the Station."

Because our finding regarding the existence of a contract is dispositive, we decline to address the Station's argument that the trial court erred in directing a verdict on its breach of contract claim. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *see also Royal v. Free Kindergarten Ass'n of Charleston*, 445 S.C. 436, 455, 914 S.E.2d 856, 866 (Ct. App. 2025) (declining to address appellant's remaining issues on appeal when its holding as to specific performance was dispositive because there was no enforceable contract).

As to equitable relief, we hold the trial court did not err in directing a verdict as to promissory estoppel. *See N. Am. Rescue Prod., Inc. v. Richardson*, 411 S.C. 371, 378, 769 S.E.2d 237, 240 (2015) ("This [c]ourt will reverse the trial court's ruling only where there is no evidence to support the ruling or it is controlled by an error of law."); *id.* at 379, 769 S.E.2d at 241 (explaining that one of the elements of a promissory estoppel claim is the existence of "an unambiguous promise by the promisor"). Ultimately, there is no evidence in the record of an agreement permitting the Station to use the airport runway to test ARFF trucks. *See D.A. Davis Constr. Co. v. Palmetto Props., Inc.*, 281 S.C. 415, 418, 315 S.E.2d 370, 372 (1984) ("In construing a contract, it is axiomatic that the main concern of the court is to ascertain and give effect to the intention of the parties."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 93, 594 S.E.2d 485, 493 (Ct. App. 2004) ("The parties' intention must, in the first instance, be derived from the language of the contract."). The 2005 letter, the 2011 and 2014 agreements, the April 2011 Hampton County Council meeting minutes, the ordinance, the April 2011 memo from the Economic Development Director, and the Station's 2017 letter to the County do not mention any promise made by the County to allow the Station to use the runway; these documents *only refer* to the County's promise to provide *a taxiway* to the runway. *See LeFont v. City of Myrtle Beach*, 430 S.C. 534, 539, 846 S.E.2d 355, 357 (Ct. App. 2020) ("When reviewing the circuit court's ruling on a directed verdict motion, this court must apply the same standard as the circuit court 'by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.'" (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27–28, 602 S.E.2d 772, 782 (2004))); *id.* ("When the evidence yields only one inference, a directed verdict in favor of the moving party is proper." (quoting *Wright v. Craft*, 372 S.C. 1, 22, 640 S.E.2d 486, 498 (Ct. App. 2006))).

**AFFIRMED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**